# Hill *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Automobile—Collision—Evidence —Guest in automobile.*

1. In an action by a guest in an automobile against a street railway company to recover for personal injuries sustained by a collision between the automobile and a street car, no recovery can be had, where the evidence shows that the proximate cause of the accident was the failure of the driver to have his car under proper control and in not making proper observations before reaching the rails, and it appears plaintiff was familiar with the surroundings, with an adequate opportunity to make observations, and, to some extent, control the actions of the driver, and that he sat by, with-

out protest, and permitted the driver to operate the vehicle in approaching the crossing in a reckless and careless manner; his failure to interfere and stop the driver, is a voluntary joining in a negligent undertaking.

Argued February 23, 1921. Appeal, No. 103, Jan. T., 1921, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1919, No. 456, on verdict for plaintiff, in case of John A. Hill v. Philadelphia Rapid Transit Co. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before FINLETTER, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $4,033. Defendant appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting the record.

*Layton M. Schoch,* for appellant, cited: Fletcher v. Traction Co., 190 Pa. 117; Cunningham v. Ry., 240 Pa. 194; Carroll v. R. R., 12 W. N. C. 348; McCracken v. Traction Co., 201 Pa. 378; Boehmer v. Traction Co., 194 Pa. 313; Bane v. Rys., 243 Pa. 427; Tyson v. Traction Co., 199 Pa. 264; Weber v. Transit Co., 256 Pa. 595; Dunlap v. Transit Co., 248 Pa. 130; Timler v. Transit Co., 214 Pa. 475.

*Victor Frey,* with him *Augustus T. Ashton,* for appellee, cited: Minnich v. Transit Co., 267 Pa. 200.

OPINION BY MR. JUSTICE KEPHART, July 1, 1921:

Plaintiff was a passenger in an automobile owned and driven by one Hewitt on the night of March 30, 1919, when a collision occurred with defendant's street car on Fifth Street in the City of Philadelphia. The automobile was coming west on Fisher's Avenue. When it reached the house line at Fifth Street, as was testified the cus-

tomary observation was made, and, after the auto was a short distance from the first track, plaintiff looked again and could see nothing approaching from the north. When the machine crossed the first track, with its front about the middle of the space between the two tracks, the driver looked, having a view of from 150 to 175 feet. Seeing nothing, he started to drive south on Fifth Street, steering his car in a diagonal direction to make the turn. He had scarcely proceeded when the headlight from a street car flashed across his windshield, and, coincident, the noise of grinding brakes could be heard, followed immediately by the crash. The track was straight and a car approaching could be seen for a distance of at least 375 feet. The street car was well lighted, and, as the evidence shows, traveling at a moderate rate of speed. It is idle for one to say he looked a distance of 150, 175 or 300 feet and did not see anything on the street, when, as he scarcely advanced, the street car was on him. We have here photographs of the offending vehicles. They tell the story more vividly than the witnesses. They show that the automobile was not struck in the rear, but was, as the driver first said, "side-swiped." The four wheels, the running board and all fenders were intact. The top and body were struck near the top uprights on the right side, close to the rear of the car. The physical facts show the front of the street car could not have struck these points without crushing the fender and wheel, but the photographs, with the other evidence, show that, in a swift circling or turning movement to the left, the body could swing to the right, permitting the overhang to "side-swipe" the trolley, or be thus hit by it. The driver, Hewitt, testified, "I rolled my [steering] wheel to the left and swerved the car on the trolley track to clear the trolley so it could get by." "As I swung her clear of the tracks, eight or ten inches, then there came the crash." "The back part of the car was still on the track." "The right rear corner" was struck. "It side-swiped us along the side." "The front of the

trolley car hit the back of my car." When we consider it with the photographs, this latter statement cannot be true. The front of the street car is round, with a slight protrusion at the bottom along the step, and a guard below that. It is so constructed as to be impossible to strike the top uprights of an automobile and the high point of the body, which is just above and inside of the fenders, without crushing the fender and the wheel; neither were scratched. The top was torn, the top uprights broken, and the force of the blow is indicated upon the high point of the body which would protrude farthest out when it lurched; and the trolley shows marks of coming in contact with something. The rays from the headlight flashed across the right corner of the windshield in front of Hill, indicating the auto had just entered the second track and the trolley car was more at its side than its rear. The conclusion must be the accident did not happen as the driver stated; either both met about the same time, and the auto, in endeavoring to escape by turning to the left, had its top and side struck as it lurched to the right, or the auto came rapidly down the street, reaching the intersection as the street car started to cross. He made the turn described and, as defendant asserts, struck the side of the car, the overhang of the auto being caught. The testimony of witness Chalmers inclines us to the first view. He says the automobile was just in the act of turning to the south with the street car immediately behind, the accident happened almost instantly afterward. Viewed in this light, the proximate cause of the accident was the failure of the driver to have his car under proper control and in not making proper observations before reaching the rails. As stated by Mr. Justice WALLING in Lessig v. Reading Transit & Light Company, 270 Pa. 299, "It is vain for a man to say his auto was struck in the back when the only injury thereto is at the side near the front wheel, or to insist the collision was at one place when the broken glass and other unmistakable evidence there-

of are at another.   A court cannot accept as true that which the indisputable evidence demonstrates is false. As stated in the opinion of this court by Mr. Justice (later Chief Justice) BROWN, in Bornscheuer v. Traction Co., 198 Pa. 332, 334: 'In Carroll v. Penna. R. R. Co., 12 W. N. C. 348, we held that "it is vain for a man to say, that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive"; and it is equally true that, when, with the certainty of an infallible mathematical test applied to the testimony of a witness, he is found to be mistaken in a material matter, it would be a travesty upon justice to allow a jury to consider such testimony, and a license to them to render a false instead of a true finding.   Such testimony is either intentionally false or mistakenly so; and, in either case, the court should instruct the jury to disregard it.' "

As plaintiff was a guest in the car and familiar with the surroundings, with an adequate opportunity to make observations and, to some extent, control the actions of the driver, if he sits by without protest and permits the driver to operate the vehicle in approaching street crossings in a reckless or careless manner, his failure to interfere and stop the driver will bar his recovery.   He cannot sit idly by and watch the operator drive the car with reckless or careless speed and escape responsibility on the ground of being a guest.   It is a question of voluntarily joining in a negligent undertaking: Hardie v. Barrett, 257 Pa. 42, 46; Minnich v. Easton Transit Co., 267 Pa. 200, 204; Azinger v. Pa. R. R. Co., 262 Pa. 242; Martin v. Pa. R. R. Co., 265 Pa. 282.   Plaintiff says he looked at the house-line and then looked again when he got nearer the northbound tracks, and notified the driver there was nothing in view.   The track was straight for a distance of more than 300 feet and when within two feet of the northbound rail, if he had looked, he could have seen the car coming.   It is useless for a person to say, with the auto going at the rate of eight miles an

hour, the street car could travel 300 feet while the auto was traveling 10 or 12 feet. A mathematical calculation will demonstrate the impossibility of such an assertion on any theory of plaintiff's case as these facts are developed. But one conclusion can be reached; the guest did not exercise the care incumbent on one who was familiar with the surroundings and in the best position to observe approaching danger.

The judgment of the court below is reversed.