McADD v. SHEA

(April 29, 1929. Opinion and Decree.)
(May 29, 1929. Rehearing Refused.)

William R. Kinsella, of New Orleans, attorney for plaintiff, appellant.

Lemle, Moreno and Lemle, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff was a guest in the automobile of defendant and was injured when the car left the road and overturned in a ditch on the side of the road. He sues for damages.

It appears from the evidence that Mrs. Rose Shea, the defendant in this case, was requested by a Mrs. Richard Dowling to drive her from New Orleans to Mandeville, La., for the purpose of conveying Mrs. Dowling's sister, who was ill in Mandeville, to New Orleans in order that an operation for appendicitis might be performed upon her. The plaintiff, a negro chauffeur employed by an undertaking firm, T. J. McMahon· & Sons, was invited to make the trip in order that there might be, as Mrs. Shea puts it, a man in the car.

Mrs. Shea, who was driving the car, kept increasing its speed, and, at the time of the accident which occurred about six miles out of Ponchatoula, she was going at the rate of 55 miles per hour and crossing a small bridge when a cow suddenly appeared directly in her path. She endeavored to avoid hitting the cow, lost control of the automobile, and ran off the road and injured plaintiff, as well as the other occupants of the car.

Defendant's negligence is frankly admitted, but, it is contended, that plaintiff was guilty of contributory negligence which bars his recovery. It is freely conceded that the negligence of the driver of an automobile may not be imputed to a guest or passenger, but it is insisted that the passenger, himself, may be guilty of contributory negligence by failing to take proper precautions for his safety under dangerous conditions. Toups vs. Morgan's La. & Tex. R. R. & S. S. Co., 4 La. App. 136; Roberts vs. Eason, 6 La. App. 703. In other words, it is argued that the plaintiff in this case should have protested against the dangerous speed at which the car was running, and, in the event his protest was unheeded, to cause the automobile to be stopped and get out of the car. Huddy on Auto-

mobiles, 8th Ed. Sec. 830; Blashfield Cyclopedia of Automobile Law, p. 1087; Sharp et ux vs. Sproat, 208 Pac. 613 (Kansas); Hill vs. P. R. T. Co., 114 Atl. 643 (Penn.).

Without discussing the force in Louisiana of the rule which seems to have been recognized in a number of other jurisdictions, we observe that in this case, the plaintiff, a negro chauffeur, had, at least on two occasions during the trip, commented upon the excessive speed to the effect that it was "pretty fast for a new car." It is true that he made no effort to stop the car by forcefully taking possession of the driving wheel and that he did not cry out or cause the automobile to be stopped on the road, nor did he get out of the automobile. However, we are of the opinion that whatever may be the situation under different circumstances, and, assuming that plaintiff should have objected to the speed of the car, he made sufficient protest, mild as his language was, to relieve him of the charge of contributory negligence. In fact any comment at all upon Mrs. Shea's driving by the negro chauffeur, who was an invitee, was, in our opinion, quite remarkable. To expect more forceful protest would be absurd.

Plaintiff's injuries were very slight. A few cuts and bruises and a thorough shaking up, involving the loss of about two weeks' pay at $25 per week, about expresses the damages. Under the circumstances we believe an award of $100 to be sufficient.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment be reversed and that there now be judgment in favor of the plaintiff, Claude McAdd, and against the defendant, Mrs. Shea, in the full sum of $100, with legal interest thereon from judicial demand until paid and all costs.