No. 3520

**Second Circuit**

——

**HUTCHENS v. MORGAN**

——

(December 31, 1929.  Opinion and Decree.)
(January 31, 1930.   Rehearing Refused.)
.(March 10, 1930.  Writ of Certiorari and Review Refused by Supreme Court.)

——

Hunter, Morgan & Hunter, of Shreveport, attorneys for plaintiff, appellant.

Thatcher, Brown, Porteous & Myers, of Shreveport, attorneys for defendant, appellee.

WEBB, J. This is an action in damages for personal injuries sustained by plaintiff, F. D. Hutchens, when an automobile belonging to defendant, J. B. Morgan, in which plaintiff was riding, was, through the negligence of the driver of the car, W. R. Gibbs, driven from the highway into a ditch, and plaintiff appeals from a judgment rejecting his demands.

Plaintiff alleged that at the time of the accident the automobile was operated and under the exclusive control of defendant's agent and representative, W. R. Gibbs, and that plaintiff was a guest and did not have control of the machine prior to or at the time of the accident, and the circumstances from which the alleged relationship arose, as well as the negligence of the driver of the car, are stated, in substance, to have been as follows:

That defendant's wife was very ill at Shreveport, where the parties resided, and that plaintiff, at defendant's request, consented to go in defendant's automobile to Natchitoches, where defendant's daughter was attending school and return with her to Shreveport, and that W. R. Gibbs, who had been engaged by defendant to drive the car, had on the return trip driven the car from the roadway into a ditch at a point where the highway curved to cross a railroad track, and that the accident was due solely to the lack of attention and excessive speed at which the automobile was driven as it approached the curve, of which the driver had an unobstructed or clear view.

In answer, defendant admitted that plaintiff had undertaken to make the trip from Shreveport to Natchitoches and return, and that he had been injured on the return trip, and alleged the circumstances and purposes for which the trip had been made, which materially differed with the allegations of plaintiff's petition only insofar as to the relationship of plaintiff to the driver of the automobile and defendant, in that it was alleged that plaintiff had undertaken the trip as a guide and companion of W. R. Gibbs, and that he had control of the driver, and that the car had been driven in a reckless manner and at an excessive rate of speed.

On trial it was shown that plaintiff and defendant had married sisters, and that defendant's wife had been ill for several weeks, during which time her sister, plaintiff's wife, had attended her constantly, and, on the afternoon preceding the accident, the physicians attending Mrs. Morgan advised defendant and Mrs. Hutchens that Mrs. Morgan was in a very critical condition, and defendant decided to have his daughter, who was at Natchitoches, which is about 75 miles from Shreveport, brought home to see her mother. And, when plaintiff called at defendant's residence, which was apparently a short time thereafter, he was advised of the situation and offered to drive in his car to Natchi-

toches and bring defendant's daughter to Shreveport, but it was decided that plaintiff's car was not in condition, and defendant thought it best that his automobile should be used, and, W. R. Gibbs having volunteered to drive the car, defendant accepted his services, and plaintiff accompanied him on the trip.

They left Shreveport after dark, and it was shown that the car was driven at a rate of speed in excess of that fixed as the maximum rate by law, in going to Natchitoches, and that, due to the rate of speed, an accident had been narrowly averted on the trip to Natchitoches, and that on the return trip the same rate of speed was maintained, and it was shown that the accident which occurred on the return trip was due to the excessive rate of speed at which the car was being driven.

While it appears that, as the car approached bridges and curves, plaintiff would advise the driver, the evidence shows that plaintiff was fully aware of the excessive rate of speed at which the car was being driven and of the danger, and it is admitted that he did not protest, the reason given by him for failing to protest being that he did not think it would have been of any use, which is not, we think, supported by the evidence.

Considering plaintiff's case from the most favorable point of view, or that, under the arrangement made by defendant, plaintiff was merely a guest, the evidence shows that plaintiff knew Gibbs was operating the car at a speed in excess of the maximum rate fixed by the statute, and, it having been alleged and conceded that the accident was due to the excessive rate of speed at which Gibbs operated the car, and it being shown that plaintiff did not make any protest, we are of the opinion that he was guilty of negligence, even conceding that he was a mere guest. Berry, Automobiles (5th Ed.) 488; Blashfield, Automobiles, vol. 2, p. 1087; Harding vs. Jesse, 189 Wis. 659, 207 N.W. 708; Spring vs. McCabe, 53 Cal. App. 330, 200 P. 41.

The driver of the automobile was a much younger man than plaintiff, who was more familiar with the road, and Gibbs states that, if plaintiff had protested or requested him not to drive fast, he would have heeded the request, and no doubt that was true. It is not suggested that defendant had requested or instructed Gibbs to make all possible haste, or that he desired him to proceed without exercising ordinary care, and although it appears that the driver did not so proceed, it also appears that plaintiff, with full knowledge that the driver was not exercising care and of the danger, at least acquiesced in the course taken, and while it may be that, considering the emergency, neither the driver nor plaintiff could be censured, neither could hold the defendant liable for injury resulting from their voluntary actions or omissions.

The judgment is affirmed.