### SMITH v. VELLINO et al.
### No. 14919.

Court of Appeal of Louisiana. Orleans.
June 28, 1934.

Miller, Bloch & Martin, of New Orleans (Thos. J. Martin, of New Orleans, of counsel), for appellant.

St. Clair Adams, St. Clair Adams, Jr., and Max M. Schaumburger, all of New Orleans, for appellees.

HIGGINS, Judge.

This is a suit for damages for personal injuries by a guest against the automobile owner and his insurance carrier, in solido, under Act No. 55 of 1930. The pertinent allegations of the petition are as follows:

"That on the 31st of July, 1932, while returning to New Orleans with the defendant, Gustave C. Vellino, from a visit to his family at Biloxi, Mississippi, your petitioner was his guest and a passenger in the Nash sedan automobile owned and driven by him. * * *

"That on leaving Biloxi at or about 1:45 P. M. with the said Gustave C. Vellino, who was driving at the rate of forty-five miles per hour and over, and the pavement being slippery by reason of rain which was then falling, your petitioner remonstrated to him at this rate of speed and asked him if he was not afraid his car would skid, whereupon he replied that his car did not skid and he did not slack his speed; that nevertheless, your petitioner being uneasy at this continued rate of speed and the slippery condition of the pavement due to the rain then falling and more especially as this slippery condition became aggravated by the slimy drippings from the trees which lined the roadway in part—a condition well known to the said Gustave C. Vellino as he had frequently traveled said road—again remonstrated with the said Gustave C. Vellino for the speed at which they were traveling, to which remonstration he made no reply but continued to drive at the same high rate of speed with occasional spurts to pass cars ahead of him, on one of which spurts and while he was getting ahead of a string of cars, the accident above described happened through the negligence and fault of the said Gustave C. Vellino in so driving at an excessive rate of speed, at that time in the neighborhood of fifty miles an hour or over, on the slippery and unsafe pavement; said rate being greatly in excess of the rate fixed by the Laws of the State of Mississippi gov-

erning the speed of motor vehicles on the highway of the state; and in excess of the legal speed limits of the City of Pass Christian, Mississippi, provided by its ordinances and regulations on that subject, and more especially by its traffic ordinance No. 87 effective from February 1, 1918."

The defendants filed an exception of no right or cause of action on the ground that, as the petition failed to allege that the plaintiff requested that the automobile be stopped in order to permit her to get out, she acquiesced in the reckless manner in which the car was being driven, and was therefore guilty of contributory negligence which bars her recovery. The exception was sustained, and plaintiff has appealed.

In Blashfield's Cyclopedia of Automobile Law, vol. 2, p. 1098, we find:

"* * * Where the road becomes dangerous, or the speed of the machine in which one is riding as a passenger or guest is unlawful, or the driver is otherwise careless or reckless in his conduct, and this is known to the passenger it is his duty, in the exercise of ordinary care, to protect himself from injury, to caution the driver of the danger, protest against it, and, unless delivered from it, to quit the car if that may be done with safety, or to direct that the vehicle be stopped, and when stopped, get out of the car.

"* * * and one riding as a guest and not in control of an automobile, who, after remonstrating against the excessive speed at which it was being driven, remains in the vehicle without doing anything more should not therefore be considered negligent unless the danger is obviously very great and the time elapsing after the remonstrances is long enough to show that the passenger has acquiesced in such speed."

In Huddy on Automobiles (9th Ed.) § 145, it is stated:

"*Remaining in Machine after Protest. Generally.* "The circumstances may be such as to charge the occupant with negligence as a matter of law, where he unreasonably remains in the machine after adequate opportunity is offered for alighting, or, at least, where he fails to insist on leaving the car. But this duty is not absolute, the question whether a failure to leave the vehicle is a want of ordinary care being dependent on the circumstances of the particular case. * * *"

In Lorance v Smith, 173 La. 883, 138 So. 871, 877, the court said:

"The theory underlying the rule or doctrine that an invited guest in an automobile can-

not recover damages arising from injuries due to the negligence of his host, where such guest is aware of the danger and makes no protest, is that of assent to and acquiescence in such negligence. Whether the guest assents to or acquiesces in the negligence of his host is a question of fact which must be determined by the court or a jury from the circumstances surrounding the case. Each case must be decided according to the facts found. * * *

"Under this rule, the opportunity of the guest for discovering the negligence, his position in the car, his age, his mental development and physical condition, and his knowledge of what might constitute negligence or a dangerous situation or condition must all be taken into consideration in determining the question of assent or acquiescence."

See, also, Pipes v. Gallman, 173 La. 158, 136 So. 302; Hutchens v. Morgan, 12 La. App. 545, 125 So. 309; Provosty v. Christy (La. App.) 152 So. 784; Lockhart v. Missouri-Pac. Ry. Co. (La. App.) 153 So. 577; Leiser v. Thomas (La. App.) 150 So. 81.

In the case of McAdd v. Shea, 10 La. App. 733, 122 So. 879, the plaintiff was the guest in an automobile which was being driven at the rate of 55 miles an hour and, while crossing a bridge, struck a cow, and he was injured. The court said:

"In other words, it is argued that the plaintiff in this case should have protested against the dangerous speed at which the car was running, and, in the event his protest was unheeded, to cause the automobile to be stopped, and get out of the car. Huddy on Automobiles (8th Ed.) § 830; Blashfield, Cyclopedia of Automobile Law, p. 1087; Sharp et ux. v. Sproat, 111 Kan. 735, 208 P. 613, 26 A. L. R. 1421; Hill v. Philadelphia Rapid Transit Co., 271 Pa. 232, 114 A. 634.

"Without discussing the force in Louisiana of the rule which seems to have been recognized in a number of other jurisdictions, we observe that in this case the plaintiff, a negro chauffeur, had at least on two occasions, during the trip, commented upon the excessive speed to the effect that it was 'pretty fast for a new car.' It is true that he made no effort to stop the car by forcefully taking possession of the driving wheel and that he did not cry out or cause the automobile to be stopped on the road, nor did he get out of the automobile. However, we are of the opinion that, whatever may be the situation under different circumstances, and assuming that plaintiff should have objected to the speed of the car, he made sufficient protest,

mild as his language was, to relieve him of the charge of contributory negligence. In fact, any comment at all upon Mrs. Shea's driving by the negro chauffeur, who was an invitee, was, in our opinion, quite remarkable. To expect more forceful protest would be absurd."

In the case of Gibbs v. I. C. R. R. Co., 169 La. 450, 125 So. 445, 447, plaintiff claimed damages for the alleged negligent killing of her husband by the railway company. The petition alleged that, as he walked on the right of way of the railroad company, the train approached from the rear at an excessive and reckless rate of speed, without any warning of its approach being given to him, and ran him down. The defendant filed an exception of no right or cause of action on the ground that the petition on its face, as a matter of law, showed that deceased was guilty of negligence which continued down to the moment of the accident and therefore was contributorily negligent. The district judge rendered judgment in favor of the defendant, and the Court of Appeal affirmed it (11 La. App. 697, 123 So. 186). In setting aside the judgment and remanding the case to be tried, the Supreme Court said:

"The only one of the cases cited in which an exception of no cause of action was sustained in advance of a trial on the merits is the Chargois Case [148 La. 637, 87 So. 499], last noted supra. In that case the petition alleged the details of the accident about as fully, completely, and minutely as could have been done, and the court found that the facts alleged showed a clear case of contributory negligence on the part of the deceased.

"We are not of the opinion that such a case is presented here. In our opinion, the allegations of plaintiff's petition do not unmistakably and affirmatively show that the deceased, Gibbs, was guilty of such negligence as would convict him of contributing to and causing his own death, and to exonerate the railroad company from running him down and killing him.

"It may be that, when the case is tried and all of the facts are put before the court, no alternative will be left the court but to find that the deceased contributed to his own death in such a manner as to bar recovery by his widow.

"Contributory negligence is a special defense, and unless the facts alleged, which are accepted as true for the purpose of the trial of an exception of no cause of action, show affirmatively that the deceased was guilty of contributory negligence, and that such negligence was the proximate cause of his death, the exception should not be maintained."

■ The defendant's argument is predicated upon the absence of an allegation in the petition to the effect that the plaintiff requested the driver to stop in order that she might alight from the car. It might well be that she did make the request, but failed to allege it. If that be true, and conceding that such an allegation is necessary, a view most favorable to defendant but which we do not decide, under the jurisprudence it would be our duty to remand the case for the purpose of affording plaintiff an opportunity of amending the petition, because it is well settled that a suit will not be dismissed on an exception of no right or cause of action for insufficiency of allegations. See Chagnard v. Schiro (La. App.) 156 So. 58, decided June 11, 1934.

■ On the other hand, if the plaintiff did not direct the driver to stop in order that she might get out of the car, there is nothing in the petition which would justify us in saying that she unreasonably remained in the machine after an adequate opportunity presented itself for her to safely alight therefrom, or that under all the circumstances surrounding her presence in the car an ordinarily careful and prudent person would have considered the danger so imminent as to have required such action. It is further noted that there is nothing in the petition to affirmatively and unmistakably show that she remained in the automobile an appreciable length of time after protesting until the accident occurred.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court be set aside, the exceptions of no right or cause of action overruled, and the case remanded to the district court to be tried according to law.

Reversed and remanded.