**DAVID v. JOSEPH et al.**

No. 5085.

Court of Appeal of Louisiana. Second Circuit.

Dec. 13, 1935.

Fink & Fink, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

MILLS, Judge.

Ed Joseph, a resident of Monroe in the parish of Ouachita, is the owner of an automobile. On the evening of August 21, 1934, his major son, Charley Joseph, a member of his household, and one Jimmy De Corte borrowed the car for a pleasure ride. As neither Ed nor Charley Joseph testifies, we have only De Corte's word as to the transaction. He says: "Me and Charley Joseph was setting in the car in front of the store about six or six-thirty; so we decided to go up town and he asked Mr. Ed could we take the car and go up town and he said yes."

Passing John David, a friend of theirs, they asked if he wanted to go along. He accepted, and sat in the back seat. After riding around a short while, they "picked up" two girls entirely unknown to them. One got into the front seat with Charley and Jimmy, who was driving, and one joined plaintiff on the back seat. One of the girls desiring to go to Bastrop, they, at about 7:30, set out for that town. There they got some things belonging to the girl, went to a hot dog stand, got a Coca-Cola, fooled around a while, and started back for Monroe about 1 a. m. On the way back De Corte was driving at a speed of about 55 or 60 miles per hour. Upon complaint from David, he slowed up a little. Receiving no more complaints, just out of Bastrop, he "started to pick up" and "went to pouring it to it again." When about 4 miles from Monroe, which is about 25 miles from Bastrop, he suddenly saw two mules in the road, 5 or 6 feet ahead of him, one on each side. The mule to the right started across the road, angling away from the car. De Corte, being too close to apply the brakes, swerved to the left, striking the mule with the side of the car at about the front door.

The impact threw plaintiff around on the back seat, inflicting slight brush burns on his forehead and contusions on his back and hand. A flying piece of glass struck his right hand, cutting the extensor tendon of the ring finger at the third phalange and metacarpal junction. He was taken to a hospital in Monroe, where attendants sutured the tendon and sewed up the 1-inch cut. He was discharged with no permanent disability of the back and chest, but with an approximately 20 per cent. disability of the finger. He brings this suit against Ed Joseph and his insurer for a total of $2,660.

After due hearing, the trial judge rejected plaintiff's demands. From this judgment, plaintiff has appealed.

The acts of negligence alleged are: Driving on the wrong side of the road, failure to keep a proper lookout, and excessive speed.

There is no proof to support the first allegation. As plaintiff was paying no attention, and neither Charley Joseph nor either of the girls testifies, we have only the statement of De Corte, the driver, as to the outlook. He did not see the mules until right on them. When asked if he was looking down the road, he answered: "Yes, sir. I don't know whether I was talking to the girl or looking down the road, but didn't see it until right on it."

The burden of proof to establish negligence is upon the plaintiff. We do not think this contradictory statement sustains that burden. The impression gained from the whole testimony of De Corte is that the mule appeared suddenly on his right, affording him no chance to avoid hitting it.

Act No. 21 of 1932, regulating traffic on the public roads, does away with the arbitrary general speed limit and in its place, in section 3, rule 4 (a) provides that: "It shall be unlawful for any person to drive or operate any motor or other vehicle upon the public roads, highways and bridges of this State at other than a careful, prudent, reasonable and proper speed, having due regard to the traffic, surface and width of the highway, the location and neighborhood, and any other conditions or circumstances then existing."

The record is devoid of any proof as to traffic, width of the highway, the location and neighborhood, or any other conditions or circumstances then existing. From a lone statement that the car did not go off the concrete, we conclude that the road was paved. There is no proof as to the existence of a stock law in the parish or that loose mules or other animals frequented the road.

It was held in Pipes v. Gallman, 173 La. 158, 136 So. 302, that a speed of 55 miles per hour in the daytime over a graveled road was excessive. We are cited to no case holding that a like speed over a presumably straight concrete road of usual width, on a clear night at an hour when traffic is presumably light, is excessive. In any event, as it is not shown that a mule suddenly appearing 5 or 6 feet ahead of a car moving much more slowly could have been avoided, we do not think it is proven that the speed of the car was the proximate cause of the accident.

■■ These young men were out for a good time. They "picked up" two girls whom they did not know and could not name at the trial. Plaintiff and De Corte fail to fully account for the time elapsed from 8 p. m. to 1 a. m. o'clock. The most charitable name we can give to the excusion is a joy ride. Plaintiff, after one feeble protest as to the speed, devoted his whole attention to his girl companion, while the car again picked up speed and continued for approximately 15 or 20 miles without further objection. Plaintiff, on the back seat, entirely withdrew his attention from his surroundings and concentrated it upon his girl companion. Any lack of care, we think, was due to the character of the party, in the conduct of which plaintiff willingly participated and acquiesced.

In Huddy's Encyclopedia of Automobile Law, vol. 5-6, page 263, the rule is stated to be: "One riding in a motor vehicle may be properly charged with negligence if he encourages or permits the driver to proceed at an unreasonable speed without remonstrance. A passenger cannot complain that the machine was driven at an excessive speed, if he acquiesces in such speed. Even a protest at the excessive speed may be insufficient, if it is not heeded and the passenger continues to take no further steps for his safety." Hutchens v. Morgan, 12 La.App. 545, 125 So. 309.

In Pipes v. Gallman, supra, our Supreme Court, in answer to certified questions from this court, replied that the failure of four high school girls, guests of defendant, aware of the excessive speed at which the car was being driven, to protest against same, constituted contributory negligence and barred recovery.

In the same volume of Huddy, page 247, we find that a guest in an automobile must give some heed to his safety, and cannot close his eyes to obvious dangers, while a guest is not held to the same degree of care in maintaining a lookout as is the driver, and one sitting on a back seat is held to a less degree of care than one sitting on the front seat, yet some degree of care is required. Lorance v. Smith, 173 La. 883, 138 So. 871; Provosty v. Christy (La.App.) 152 So. 784; Smith v. Vellino (La.App.) 156 So. 61.

There can be no liability as to Ed Joseph, who had merely loaned his car. It is also doubtful if, under the pleadings, the policy sued upon not being filed in evidence, the insurer, General Accident, Fire & Life Assurance Corporation, Limited, could be held. As counsel does not seriously insist upon a decision on this point, we have not considered it.

Considering the authorities cited above, we are of the opinion that the judgment rejecting plaintiff's demand is correct, and it is accordingly affirmed.