(51 South. 846.)

No. 18,082.

BELLE ALLIANCE CO., Limited, v. TEXAS & P. RY. CO.

In re TEXAS & P. RY. CO.

(March 14, 1910.)

*(Syllabus by Editorial Staff.)*

1. NEGLIGENCE (§ 97*)—COMPARATIVE NEGLIGENCE.

The doctrine of comparative negligence does not obtain in Louisiana.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 93, 162; Dec. Dig. § 97.*]

2. NEGLIGENCE (§ 82*)—CONTRIBUTORY NEGLIGENCE.

One cannot recover for injuries caused by the negligence of another, if his own negligence was to some extent the proximate cause of the result complained of.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 112–114; Dec. Dig. § 82.*]

3. RAILROADS (§ 338*)—CROSSING ACCIDENTS— LAST CLEAR CHANCE—APPLICATION OF DOCTRINE.

The last clear chance doctrine, as applied to railway crossing accidents, is that if, after the engineer has seen the danger of the person on or near the track, he can stop his engine and avert the accident, and fails to do so, the person injured can recover in spite of his own negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1096–1099; Dec. Dig. § 338.*]

Action by the Belle Alliance Company against the Texas & Pacific Railway Company. From a judgment for plaintiff, affirmed by the Court of Appeal, defendant brings writ of review. Judgment reversed, and suit dismissed.

E. W. Pugh, for plaintiff. Howe, Fenner, Spencer & Cocke and Marks, Wortham & Le Blanc, for defendant.

PROVOSTY, J. This case is here on writ of review to the Court of Appeal. The plaintiff sues in damages for the value of three mules killed in a collision between a wagon of the plaintiff company, drawn by the three mules, and a locomotive of the defendant company. The road along which the wagon was being driven crossed the railroad at right angles, and the two vehicles, as they approached the point of collision were masked from each other by a building. The plaintiff alleges negligence on the part of the defendant; and one of the defenses is that of contributory negligence on the part of the plaintiff. The district court and the Court of Appeal agreed in finding that both the driver of the wagon and the engineer of the locomotive had been negligent, but found a greater degree of negligence, or more culpable negligence, on the part of the railroad, and so condemned it in damages, following, as was supposed, the decision of this court in the case of Ortolano v. Morgan's Louisiana & Texas R. R. Co., 109 La. 912, 33 South. 914.

In that case the injury was to a child five years old, incapable of contributory negligence, which had gone on the track without imputable negligence to its parents. Plainly in that case there was an absence of contributory negligence.

Our Brethren have applied the doctrine of comparative negligence, which never obtained, except in a few states, Illinois, Kansas, Tennessee, and Georgia, and has been repudiated in those (Barrows on Negligence, p. 79; A. & E. E. of L. vol. 6, p. 360), and has never obtained in this state (Wilkinson on Personal Injuries, p. 64, § 65).

The true doctrine, for which no citation of authority can be necessary, is that plaintiff cannot recover for injuries caused by the negligence of defendant, if his own negligence was to some extent the proximate cause of the result complained of.

The one recognized exception to that rule is what is known as the last clear chance doctrine, which, as applied to accidents at railway crossings, is that if, after the engineer has seen the danger of the person on or near the track, he can stop his engine and avert the accident, and fails to do so, the person injured can recover, in spite of his own negligence. That exception can have no application in this case, and it is not pretended that it has.

The judgments of the Court of Appeal and of the district court are set aside, and the suit of the plaintiff is dismissed, with costs.