——————o——————

5292.

(Court of Appeal, Parish of Orleans.)

## WIDOW ANTHONY P. RABITO vs. N. O. RAILWAY & LIGHT CO.

Issues of fact only are involved herein.

Appeal from the Civil District Court, Division "D."

Chas. I. Denechaud, for plaintiff and appellant.

Dart, Kernan & Dart, for defendant and appellee.

DUFOUR, J.—The plaintiff appeals from a judgment rejecting her demand for damages resulting from a collision between her automobile and a car of the West End line operated by the defendant.

The accident occurred while the automobile was crossing Canal Street from the uptown to the downtown side, on the lake side of Broad Street.

At the argument, plaintiff's counsel frankly admitted that she had been guilty of contributory negligence and

based her right to recover on the claim that defendant's employees had the last clear chance to avoid the accident and failed to do so.

The plaintiff and her witnesses say that the car was moving fast and the motorman was not looking; else he would have had ample time to avoid the accident to the automobile which was going slowly.

The drift of defendant's testimony is that, as the car neared Broad Street, the automobile suddenly cut across in front of it, and was struck, that the car was not going fast and that, as soon as the automobile was seen, every possible effort was made to avoid the accident.

The motorman had the right to assume that an automobile running parrallel with the car would not suddenly seek to cross the track ahead of it, and, even if he committed an error of judgment, his employer is not responsible to one whose negligence created the dangerous situation.

### 109 La. 49.

In the last reported case on the subject, the Supreme Court said:

> "The one recognized exception to the rule, that contributory negligence bars recovery is what is known as 'the last clear chance' doctrine, which, as applied to accidents at railroad crossings, is that if, **after the engineer has seen the danger,** he can stop his engine and avert an accident and fails to do so, the person injured can recover, in spite of his own negligence."

### 125 La. 777.

We agree with the district judge who saw and heard the witnesses that

> "there is no room for the application of the last clear chance, for the motorneer of the car which collided with plaintiff's auto could not have supposed

that the auto was to be turned suddenly across the neutral ground and in the path of the oncoming car.''

Judgment affirmed.

May 1, 1911.

————o————

## 5313.

### (Court of Appeal, Parish of Orleans.)