(109 So. 766)

No. 25940.

**CHARLES BETZ & SON v. ILLINOIS CENT. R. CO.**

(June 28, 1926.   Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Railroads ⬳327(1)—Driver of hearse, stopping, looking, and listening, and not seeing or hearing train, held not negligent.**

If driver of hearse, struck by train at public crossing, stopped, looked, and listened when he reached crossing, and, before going on first track, did not, and could not, see or hear any approaching train or signal therefrom, he was not contributorily negligent.

**2. Railroads ⬳338—Owner of hearse, held entitled to recover under doctrine of last clear chance, where engineer had ample time to blow whistle and stop.**

Owner of hearse struck by train at crossing *held* entitled to recover under doctrine of last clear chance, wnere engineer of train could have seen hearse approaching crossing and about to cross track at a distance of about 250 feet, and had ample opportunity to blow whistle, stop engine, and avoid collision.

**3. Railroads ⬳338.**

"Last clear chance doctrine" is that if, after engineer has seen danger, he can stop, and fails

161 LA.—30

to do so, person injured can recover, though negligent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Last Clear Chance.]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Action by Charles Betz & Son against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Lemle, Moreno & Lemle and Robert J. Perkins, all of New Orleans (Hunter C. Leake, of New Orleans, and W. S. Horton, and R. V. Fletcher, both of Chicago, Ill., of counsel), for appellant.

F. A. Middleton, of New Orleans, for appellee.

THOMPSON, J. This is a suit for damages suffered by plaintiffs as the result of a collision between a hearse of plaintiffs and a switch engine of defendant.

The damage to the hearse is placed at $1,412, and the balance of the claim, $1,125 is for rent of hearses for funeral services which the plaintiff was compelled to pay during the time the damaged hearse was being repaired.

There is no controversy over the amount. The sole contest is as to the defendant's liability.

The district judge rendered judgment in favor of plaintiff, basing his judgment on the doctrine of the last clear chance.

The collision occurred at the intersection of Plum street and the track of defendant, otherwise known as Protection levee crossing. There are four railway tracks at this crossing, placed about 3 feet apart, and covering a space of about 35 feet.

The crossing was in a very bad condition at the time, and motor vehicles had to make the crossing at a very low rate of speed.

The hearse of plaintiff, accompanied by a

limousine in front and two in the rear, was on its way to receive a body for interment.

The funeral cortége had crossed Oak street about 150 feet from the crossing where the accident occurred and traveled parallel with the railway tracks to the Protection levee crossing.

The defendant's train also made the Oak street crossway on its approach to the Protection levee crossing. At the Oak street crossing there is a clear view of at least a quarter of a mile looking from the city. While it is claimed that the engineer blew his whistle for the Oak street crossing, none of the crew appears to have observed the hearse when it crossed over at that point.

The Protection levee crossing is formed by a cut through the levee, and vehicles approaching this crossing have their view almost entirely shut off by the ends of the levee until the railway track is reached.

As the hearse reached the crossing, the driver stopped, looked, and listened, as he claims, as far as the situation and condition would permit, and, seeing no train approaching, and hearing no signals, he proceeded slowly across the railway tracks. The limousine in front, which was about 50 feet ahead of the hearse, crossed over the four tracks, and the hearse had crossed three of the tracks, and, as it came upon the fourth track, it was struck by the tender which was being moved forward by the engine with a caboose in the rear.

While, as we have already stated, the whistle was blown at the Oak street crossing, it was not blown at the Protection levee crossing. The engineer, fireman, and conductor all testified, however, that the bell was rung, and continued to ring, up until after the collision.

None of the drivers and occupants of the hearse and of the limousines appear to have heard the bell ringing. And there were others present who did not hear any bell ring, and they were in a position to have heard the same if the bell had been continuously ringing as testified to by the train crew.

[1] If the driver of the hearse stopped, looked, and listened when he reached the crossing and before going upon the first track, as he testified, and did not see, and could not see, any approaching train, and did not hear, and could not have heard, any signal or noise of a moving train, we are unable to see how the driver could be legally charged with contributory negligence.

"One who, on a public highway, approaches a railroad track, and can neither hear nor see any indication of a moving train, is not chargeable with negligence in assuming that there is none sufficiently near to make the crossing dangerous." Cherry v. La. & A. R. Co., 121 La. 476, 46 So. 596, 17 L. R. A. (N. S.) 505, 126 Am. St. Rep. 323, and authorities cited.

And:

"Where the distance across four railroad tracks is only 49 feet [here it is 35 feet], a traveler about to cross the tracks exercises all due legal care and prudence if he stops and looks and listens before venturing upon the first track. He is not required to repeat the precaution with each of the tracks in succession." Syllabus of case, supra.

The engineer testified that his train was running about 8 miles an hour; that at that speed the train could be stopped in 20 or 25 feet; that when he first saw the hearse come upon the crossing very slowly he was about 30 feet away, and that he did not apply his brakes until he was within 15 feet of the hearse.

[2] The trial judge found, and the evidence supports the finding, that the engineer could have seen the hearse approaching the crossing, and about to cross the track, at a distance of about 250 feet, and had ample time and opportunity of blowing his whistle and to have stopped his engine and avoided the collision.

The engineer did not blow his whistle, there was no lookout on the tender, and the brakes were not applied until the engine was within 15 feet of the hearse.

[3] "The last clear chance doctrine, as applied to railway crossing accidents, is that if, after the engineer has seen the danger of the person on or near the track, he can stop his engine and avert the accident, and fails to do so, the person injured can recover in spite of his own negligence." Belle Alliance Co. v. Texas & P. R. Co., 125 La. 778, 57 So. 846, 19 Ann. Cas. 1143.

The judgment appealed from is affirmed.