No. 2290

Second Circuit

___

TOWNSEND v. MISSOURI PACIFIC R. R. CO.

___

(November 6, 1926. Opinion and Decree.)
(April 25, 1927. Judgment of Court of Appeal Reversed by Supreme Court on Writs of Certiorari and Review.)
(This case previously reported in 3 La. App. 598.)

___

*(Syllabus by the Editor.)*

AFFIRMED ON REHEARING

1. **Louisiana Digest—Automobiles—Par. 5; Railroads—Par. 59, 63, 64.**

While there are situations where it is not necessary for one to stop, look and listen before crossing a railroad track, nevertheless, the knowledge of the driver of a house obstructing the view of the track at the point where he stopped was sufficient to make him negligent in attempting to cross the track without having listened for the approach of cars.

2. **Louisiana Digest—Railroads—Par. 59, 60, 61, 62, 63; Negligence—Par. 25.**

While it is negligence of the employees of a railroad to operate its train over a public crossing of a road that was used very little without the precautions usually required, nevertheless, the contributory negligence of the driver of the automobile defeats his recovery of damages.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. John A. Williams, Judge.

Action by Sidney A. Townsend against Missouri Pacific Railroad Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed on rehearing.

Overton & Hunter, of Alexandria, attorneys for plaintiff, appellee.

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for defendant, appellant.

WEBB, J. The facts found to have been established are stated in the original opinion, and insofar as it is material for the consideration of the case on rehearing, we repeat that the evidence shows that when plaintiff stopped the truck with its rear wheels against the plank approach to the crossing, the motor was not "shut off", and was making such a noise that it was impossible for plaintiff to have heard the train of cars which was approaching the crossing.

In the original opinion it was held that the defendant was negligent in its operation of the train of cars, and we have nothing to add to that conclusion, and the only questions which we shall consider relate to the alleged contributory negligence of the plaintiff under the facts stated.

It is urged that the court erred in finding the plaintiff negligent, and, in any event, in allowing the defendant to take advantage of plaintiff's negligence under the facts established, the plaintiff contending that he had exercised due care when he had momentarily brought the truck to a stop at the plank abutment and had observed the track and not seeing any train approaching on the track had started to negotiate the crossing, and in any event that the action of the defendant in throwing the cars over the crossing was such gross and wanton negligence as to debar it from being relieved from liability under the plea of contributory negligence.

Considering the question of the negligence of the plaintiff under the facts established, it appears that while he did bring the truck to a momentary stop at a point which was as near the track as it was, in the opinion of the writer, practical for him to get before taking the crossing, yet from this point the plaintiff's view of the track to the north, with the exception of a short distance of approximately eighty feet, was obstructed by a house situated near the track, and that he did not listen, or if he did listen, he could not have heard the approaching cars, due to the noise made by the motor.

The jurisprudence of this state is well settled as to the duty of a traveler on the highway to stop, look and listen before going upon a railroad crossing, and while there are situations in which it has been held that one may be absolved of the duty to come to a position of immobility when their senses of sight and hearing may be exercised without so doing, we do not think that the plaintiff, having knowledge of the obstruction of the view at the point where he stopped the truck, was in the exercise of ordinary care in attempting to pass over the crossing without having listened for the approach of the cars.

"The traveler * * * is rigidly required to do all that care and prudence would dictate to avoid injury, and the greater the danger, the greater the care that must be exercised to avoid it; and where, because of physical infirmities, darkness, snow, fog, the inclemency of the weather, building or other obstructions and hindrances, it is more than usually difficult

to see or hear, greater precaution must be taken to avoid injury than would otherwise be necessary.".

7 Am. & Eng. Ency. Law, page 435.

Vincent vs. M. L. & T. R. R. & S. S. Co., 48 La. Ann. 935, 20 South. 207.

Considering the question as to whether or not the negligence of the defendant was of such nature as would bar it from pleading contributory negligence and of taking advantage of the negligence of the plaintiff, this doctrine, insofar as it relates to the negligence of the operators of trains at crossings, is confined to the situation of the place, as where the crossing is in a city or other populous district which the operators of the trains are presumed to know is being constantly used by the public; in such cases the operators of trains may well be presumed to be conscious of the probable consequences of the omission of proper precautions and in this manner held to have been wanton or reckless; but in the present instance, the crossing was not in a city or populous district; it was not a "public crossing" in the sense that it was a part of the public road, and the evidence shows that it was seldom used and then only by the employees of the Lee Lumber Company, and we are of the opinion that the defendant, although it did not exercise due precautions and was guilty of negligence in operating its train over the crossing, the situation of the place was not such as to render its omissions wanton or reckless, and to bar it from taking advantage of the contributory negligence of the plaintiff.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the former opinion and judgment rendered herein be reinstated and made the judgment of this court, and that plaintiff's demands be rejected at his cost.