Missouri Pac. R. Co. *v.* Hanna.

(Division A.  Jan. 29, 1934.)

[152 So. 282.  No. 30904.]

868

**E. H. Ratcliff,** of Natchez, and **F. G. Hudson, Jr.,** of Monroe, La., for appellant.

**B. B. McClendon,** of Jackson, and **Brandon & Brandon,** of Natchez, for appellee.

Argued orally by **E. H. Ratcliff** and **F. G. Hudson, Jr.**, for appellant, and by **B. B. McClendon** and **Gerard Brandon**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee instituted this suit in the circuit court of Adams county against the Missouri Pacific Railroad Company, seeking to recover damages for personal injuries and for damages to his automobile, alleged to have been caused by the negligence of the appellant railroad company in the operation of one of its passenger trains at a point where its track crosses a concrete highway south of Lake Providence, Louisiana, in the state of Louisiana. There was a verdict and judgment in favor of the appellee for one thousand five hundred dollars, from which this appeal was prosecuted.

The testimony offered by the respective parties was sharply conflicting. The appellee testified that he was driving his automobile along the concrete highway leading from Tallulah to Lake Providence, Louisiana; that when he approached a point where this state highway crosses the track of the appellant railroad company, about one mile south of Lake Providence, he brought his automobile to a complete stop at a sign marked, "Stop, Louisiana Law," which was sixty-nine feet from the railroad track; that at this point he could see north up the railroad track for a distance of about seven hundred fifty feet, and a much greater distance south; that he there listened, and looked in both directions, for the approach of a train; and that he neither saw nor heard the train, and thereupon he started his car towards the crossing to proceed on his way to Lake Providence. He further testified that after he proceeded about one-half of the distance between the said stop sign and the railroad track, he heard a sound which resembled the signal of a fire truck or ambulance; that seeing no train or car approach-

ing, he concluded that the siren was to his rear, and thereupon he pulled to the right and began to bring his automobile to a stop; that there was damp "buckshot" mud on the highway at this point, which caused his automobile to slip off the pavement on to the shoulder of the road, which was muddy and below the level of the concrete; that his automobile came to a stop either on the west rail of the railroad track, or so close thereto that an approaching train could not pass without striking it. That at this time and at this point he saw a train coming around the curve north of the crossing, about nine hundred feet away; that he immediately attempted to drive forward over the track, but the wheels of his automobile began slipping and spinning in the mud, making it impossible to go forward; that he then attempted to back his car out of the way of the approaching train, but on account of the slipping wheels was unable to move it; that there was nothing to prevent the engineer of the train from seeing his position of peril after the train rounded the curve, nine hundred feet away, but although he saw, or by the exercise of ordinary care could have seen, the position of his automobile standing on or against the track, the said engineer made no attempt to stop or slow down the train until it was too late; and that before coming to a stop, the train passed entirely over the said crossing, striking the front end of the automobile and knocking it and the appellee a distance of about forty-eight feet, resulting in serious damage to the automobile and personal injury to the appellee.

The appellee was corroborated in all material respects by two negro women, who testified that they were seated on the gallery of a nearby residence and saw the entire occurrence.

The appellant offered a number of witnesses who testified, in effect, that the appellee drove onto the track a short distance in front of the rapidly approaching train, at a rate of speed of about twenty-five miles an hour,

without stopping either at the stop sign or at the track, and apparently without looking or listening for the approaching train.

The principal assignment of error and argument presented by appellant is that its motion for a directed verdict should have been granted, for the reason that the evidence offered by the appellee shows that he was guilty of negligence which contributed proximately to his injury and damage, and under the law of Louisiana in such cases, he was thereby barred from recovery. The cause was submitted to the jury under instructions which repeatedly told them that the appellee could not recover if they found from the evidence that he was guilty of negligence which contributed proximately to his injury and damage, although they might further believe from the evidence that the employees of appellant were also negligent. In returning a verdict for the appellee, under these instructions, the jury necessarily found that the appellee was not guilty of negligence which contributed to his injury and damage; and we are unable to say that, under the evidence offered by him, it was not warranted in so finding.

There is another view of this evidence under which the verdict is properly sustainable. While the court below refused to instruct the jury, at the request of the appellant, that the doctrine of last clear chance has no application to railroad crossing accidents, occurring in the state of Louisiana, it also refused instructions requested by the appellee which sought, in effect, to authorize a verdict for the appellee under this doctrine. Since the jury manifestly accepted the appellee's version of the facts, that is, that the automobile became stalled on, or immediately adjacent to, the railroad tracks, at a time when the train was about nine hundred feet away, and that for this distance the engineer of the train had an unobstructed view of the crossing and saw, or by the exercise of ordinary care could have seen, appellee's position of peril thereon,

and did nothing to slacken the speed of the train until it was too late to avoid striking him, we think the verdict of the jury was proper under the doctrine of last clear chance. If the evidence offered by the appellee was true, and the jury necessarily found that it was, we think it clearly shows that the accident might have been avoided by timely action, or by the exercise of ordinary and reasonable care by the engineer, after he saw, or should have seen, the position of peril of the appellee.

It was argued before us that under the decisions of the Supreme Court of Louisiana, the doctrine of last clear chance has no application to railroad crossing accidents in that state; but we do not so read the decisions of the Supreme Court of that state.

In the case of Betz & Son v. Illinois Cent. R. Co., 161 La. 929, 109 So. 766, 767, the Supreme Court of Louisiana said: " 'The last clear chance doctrine, as applied to railway crossing accidents, is that if, after the engineer has seen the danger of the person on or near the track, he can stop his engine and avert the accident, and fails to do so, the person injured can recover in spite of his own negligence.' Belle Alliance Co. v. Texas & P. R. Co., 125 La. 778, 51 So. 846, 19 Ann. Cas. 1143."

In the case of Davidson v. Illinois Cent. R. Co., 124 La. 165, 49 So. 1015, 1017, the court said:

"Jurisprudence is somewhat exceptional in regard to accidents at crossings. A person seeking to cross is considered as having some rights. Trespass is not fixed upon him as a matter of presumption. Florida Cent. & P. R. R. Co. v. Williams, 37 Fla. 406, 20 So. 558.

"We return for a moment to the thought that this boy was standing, as shown by the evidence of the witnesses, in front of the advancing train, facing an opposite direction, a sufficient length of time before the train struck him to stop the train.

"There is evidence showing that the boy was on the track when the train passed the whistling post. That was

about a half a mile further north than the place where the boy was killed.

"Within that distance there was surely ample time to see him.

"The negligence charged will not suffice as a defense if there was possibility of avoiding the accident. McGuire v. Vicksburg, S. & P. R. Co., 46 La. Ann. 1543, 16 So. 457; Grand Trunk R. Co. v. Ives, 144 U. S. 429, 12 S. Ct. 679, 36 L. Ed. 485."

In Ross v. Sibley, L. B. & S. Railway Co., 116 La. 789, 41 So. 93, 95, the Supreme Court of Louisiana used the following language: "But we think that the determinative issue in the case is whether the engineer could have avoided the accident after he saw, or should have seen, that the plaintiff was about to cross the track. . . . We think that the evidence shows that the accident might have been avoided by timely action of the engineer after he saw, or should have seen, the danger of the plaintiff."

In Jones v. Mackay Telegraph Cable Co. et al., 137 La. 121, 68 So. 379, 381, the Supreme Court of Louisiana said:

"The issue presented in the appeal, therefore, is whether the engineer on the passenger train was negligent, and, if we conclude that he was at fault, then the question arises whether the plaintiff was also guilty of negligence, contributing to the accident; and, if we find that they were both negligent, we come then to the final issue whether the plaintiff or the engineer on the passenger train had the last clear chance to avoid the accident. . . . Assuming that the plaintiff was guilty of negligence in not beginning to move the hand car sooner than he did, the engineer had ample time to stop his train while the plaintiff was trying to get the car off of the track. Even after he realized, as he says, that the hand car would not clear the track, he might have avoided the accident by applying his brakes and delaying the train only a few seconds, instead of blowing his whistle and rushing on.

"Our conclusion is that the engineer had the last clear chance to avoid the accident."

In Belle Alliance Co., Ltd., v. Texas & P. Ry. Co., 125 La. 777, 51 So. 846, 19 Ann. Cas. 1143, the court announced the rule as applied in the state of Louisiana in the following language:

"The true doctrine, for which no citation of authority can be necessary, is that plaintiff cannot recover for injuries caused by the negligence of defendant, if his own negligence was to some extent the proximate cause of the result complained of.

"The one recognized exception to that rule is what is known as the last clear chance doctrine, which as applied to accidents at railway crossings, is that if, after the engineer has seen the danger of the person on or near the track, he can stop his engine and avert the accident, and fails to do so, the person injured can recover, in spite of his own negligence."

The Louisiana court also holds that a railroad company is liable to a trespasser injured on its track if those in charge of the train discover, or by the exercise of ordinary care might have discovered, the peril of the injured person, and might, by the exercise of such care, have avoided the injury. Roberts v. Louisiana Railway & Navigation Co., 132 La. 446, 61 So. 522, Ann. Cas. 1914D, 1207, and authorities there cited.

The appellant next complains of a remark made by the court below in the presence of the jury, which remark, as set forth in a special bill of exceptions, was to the effect that a certain witness "appears to be trying to tell the truth; if you lawyers would not be so technical and would try to get facts to the jury, we would get along better." This remark of the court was made in response to objections made by counsel for the appellee during the cross-examination of one of his witnesses, and was a rebuke of the appellee's counsel, if any one. Conceding that the court should not have made

the remark before the jury, we do not think the verdict could have been influenced thereby, or that it constituted reversible error.

What we have already herein said disposes of the appellant's third and last contention, which is that the court erred in refusing the instruction requested by it to the effect that under the laws of Louisiana the doctrine of last clear chance does not apply to crossing accidents.

The judgment of the court will, therefore, be affirmed.

Affirmed.