## HICKS v. TEXAS & N. O. R. CO.*

No. 16398.

Court of Appeal of Louisianà. Orleans.

Nov. 4, 1936.

Granzin & Harper, Adam H. Harper, all of New Orleans, for appellant.

Denegre, Leovy & Chaffe, of New Orleans, for appellee.

JANVIER, Judge.

Olivia Hicks received physical injuries when she was struck by a small motorcar operated by an employee of defendant corporation within the scope of his employment on the afternoon of November 1, 1934. The motorcar was what is sometimes called a "track speeder" and was being used at the time by an employee of defendant in inspecting the "bond wires," which connect the sections of rail of defendant's track into one continuous electrical circuit for the operation of signal devices. The accident occurred at a small settlement known as Boutte, a few miles west of New Orleans on defendant's railroad line. The motorcar was be-

*Rehearing denied Nov. 30, 1936.

ing operated in an easterly direction towards New Orleans, and plaintiff was crossing defendant's tracks in a northerly direction and at a point which she alleges was a regular pedestrian crossing and customarily used by many persons in that vicinity.

Plaintiff alleges that the employee of defendant corporation was negligent in failing to have the said car under proper control, so that it might be stopped before striking petitioner; in operating the car at too high a rate of speed, and in failing to maintain a proper and sufficient lookout, and that the company itself was negligent independently of the negligence of the employee in that the said motorcar was not properly equipped with any warning or signaling devices, or with "sure and safe braking facilities."

Defendant denies all negligence on its part, or on the part of its employee, and in the alternative contends that the accident resulted solely from the negligence of plaintiff herself in several particulars, to wit:

In crossing the tracks at a place where there was no regular roadway, or highway;

In not looking and listening before stepping upon the tracks;

In stepping upon the said tracks when the motorcar was approaching in full view;

In not hearing the "ample noise" made by the said motorcar; and

In not promptly removing herself from the track when she became aware of the approach of the said car after defendant's employee shouted to her.

In the court below there was judgment for defendant and plaintiff has appealed.

The evidence shows that the place at which plaintiff was crossing the tracks was not a dedicated highway, nor even a public crossing, but that apparently the people living in that vicinity had customarily used it to such an extent as to wear a beaten path across the tracks and across what is commonly known as the railroad "dump," or embankment on which the tracks were located, and that the path led from the highway on one side at a point near the post office which served that neighborhood to the other side of the embankment, where several small residences were located.

The evidence also shows that the track is straight at the point at which the accident occurred and that for 500 feet to the westward, which is the direction from which the small motorcar approached, there was a clear and unobstructed view, and that, at a point about 500 feet to the westward, there was a slight curve to the left, or south, but that there were no trees, shrubbery, or obstructions of any kind, so that, as far as the water tower, some 1,200 feet away, there was nothing whatever to obstruct the view of a person crossing the track where plaintiff was struck, or to obstruct the view of an engineer approaching, or of the operator of such a vehicle as that which, at the time, was being run by defendant's employee.

It is conceded that the motorcar was not equipped with a signaling device, but it is contended that it is not customary to equip such cars with whistles, sirens, or other devices for giving warning of their approach.

The evidence also shows that when the motorcar reached a point some 40 feet or so away from the plaintiff, it was being operated at a speed of about 12 miles an hour, and defendant's employee, Prejean, who was operating the car, testifies that, though he might have seen the plaintiff when he was much farther away, he did not actually realize that she was near the track until he looked up, when the motorcar was about 40 feet from her, and that then he realized that she had suddenly and unexpectedly turned and stepped forward upon the track directly into the path of his on-coming car.

Plaintiff maintains that she had walked very slowly from the highway adjacent to the railroad embankment, had walked up the embankment, across what is known as the "passing" track, and while on the passing track had looked to the west and had seen nothing approaching and had continued on her way until the motorcar suddenly and without warning struck her and knocked her down.

It is very evident that plaintiff did not look before stepping upon the track on which the motorcar was approaching and that to this extent she was negligent. As we have said, there was nothing whatever to obstruct her view and it necessarily follows that, had she looked, she must have seen the approaching car. She contends that it was very low and hard to see and that this explains her failure

to notice it, but the testimony and the photographs in the record show that there was nothing about the motorcar to make it difficult to see, that it operates on four wheels, two on each rail, that its body extends entirely across the rails and some 3 feet or so above them, and that the head of the operator, who is sitting on the seat, is 5½ feet or so above the ground; in other words, as high above the ground as is an ordinary man.

There is evidence, also, that such a car, even though operated as quietly as it can possibly run, makes considerable noise, and can be easily heard by any one exercising the sense of hearing.

■ So that, as we have said, we have no hesitation in reaching the conclusion that plaintiff did not look and that she was negligent in this regard. One who walks upon a railroad track without looking or listening, and without exercising such precautions as will disclose approaching peril, is the author of his own misfortune and cannot recover unless it be that either the doctrine of the last clear chance, or the doctrine of discovered peril, which is interestingly discussed by our Supreme Court in Rottman v. Beverly, 183 La. 947, 165 So. 153, permits recovery even in spite of the negligence of the injured party.

■ It has many times been held that, where two persons are at fault and the fault of each continues up to the very moment of the accident, there is no room for the application of the doctrine of the last clear chance; in other words, that that doctrine only applies where the peril of the plaintiff is such that the plaintiff can no longer save himself, but the other party, to wit, the defendant, or the employee of the defendant, in such a case as this, still has opportunity, by the exercise of due care and caution, to avoid causing injury to the plaintiff. In most of those cases, such as Harrison v. Louisiana Western R. R. Co., 132 La. 761, 61 So. 782, Castile v. O'Keefe, 138 La. 479, 70 So. 481, Chargois v. Morgan's Louisiana & T. R. & S. S. Co., 148 La. 637, 638, 87 So. 499, Jarrow v. City of New Orleans, 168 La. 992, 123 So. 651, it was held that, if the negligence of the defendant or defendant's employee consists in not discovering the peril of the plaintiff, nevertheless there can be no recovery if the plaintiff, in full possession of his faculties, continued to act in a negligent manner up to the moment of the accident. For instance, in Castile v. O'Keefe, the plaintiff's husband, Moore, was walking along the railroad track in front of an approaching locomotive. The engineer and fireman on the locomotive, through carelessness, were not looking ahead, but were waving to the crew of another train on a parallel track. Moore did not discover the approach of the locomotive, nor did the operatives of the locomotive discover him. The Supreme Court held that there could be no recovery for the reason that the negligence of defendant's employees and the negligence of the deceased were concurrent, and continued to the moment of the accident.

Now, it plainly appears from the evidence in the instant case that defendant's employee, Prejean, discovered for the first time that plaintiff was near the track and in a dangerous position when he was about 40 feet from the point at which the accident occurred and that he applied his brakes, which were operating perfectly, but nevertheless could not bring the car to a stop until it had already struck plaintiff. If the doctrine of the last clear chance is applicable as followed in the cases mentioned, to wit, Harrison v. Louisiana Western R. R. Co., Castile v. O'Keefe, Chargois v. Morgan's Louisiana & T. R. & S. S. Co., and Jarrow v. City of New Orleans, then plaintiff cannot recover under any circumstances, whether she had been standing on the adjacent track and had suddenly and without warning turned and crossed in front of the approaching car, or whether she was walking towards the track continuously and stepped upon it just as the motorcar reached that point.

But the Supreme Court, in Rottman v. Beverly, supra, discusses at considerable length a doctrine or rule of law which has been established by some courts and which is known as the "doctrine of discovered peril" and in that case the Supreme Court said that, although there are numerous cases holding that the doctrine of last clear chance never applies unless the danger is actually discovered by the defendant or the defendant's employee, there are others holding that the doctrine applies if the peril of the plaintiff should have been discovered by the exercise of due diligence, and, after referring to the two lines of decisions to which we have just ourselves referred, our Supreme

Court said: "A reading of the cases will show that in nearly every instance where it was held that a plaintiff could not recover if his negligence continued down to the moment of the accident, the facts disclosed that the negligence of the defendant consisted of a failure to discover the perilous position in which the plaintiff had negligently placed himself."

And, going further, the court also said that "such were the facts in the Harrison, Jarrow, and Castile Cases."

 As we read the decision in Rottman v. Beverly, it is a holding that, where the subsequently injured person is in full possession of his faculties and his negligence continues to the very moment of the accident, the last clear chance doctrine has no application but that the doctrine of discovered peril may apply and may permit recovery if the defendant, or defendant's employee, actually discovers the peril of the said person and can avoid the accident by the exercise of due care, but that the doctrine of discovered peril has no application in this state if the negligence of defendant, or of defendant's employee, consists in the failure to discover the peril of the subsequently injured party.

This interpretation is reasonable. In other words, if two persons are careless in that neither discovers the presence of the other, we see no reason why one should be held liable for the damage sustained by the other. On the other hand, if two persons are negligent, one in failing to exercise his sense of sight and hearing and by their exercise to discover the presence of the other, but the other nevertheless knows of the presence of the first-mentioned person and continues in his careless conduct and injures the other, then recovery should be permitted.

The principle under consideration is referred to in American Law Institute's Restatement of the Law of Torts, vol. II, § 480, in which appears the following:

"A plaintiff who, by the exercise of reasonable vigilance could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover if, but only if, the defendant

"(a) knew of the plaintiff's situation, and

"(b) realized or had reason to realize that the plaintiff was inattentive and there-fore unlikely to discover his peril in time to avoid the harm, and

"(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff."

 It will be noted that the injured person, in spite of negligently failing to observe the danger and in negligently remaining in a position of danger, may nevertheless recover if three things can be shown:

First, that the defendant actually knew of the danger;

Second, that the defendant realized that the plaintiff did not himself realize his own danger; and,

Third, that the defendant, after knowing of the danger and realizing that plaintiff did not know of it, must have failed to use reasonable care to avoid injury.

But, whether our interpretation of that case be correct, the facts before us show that they may be clearly distinguished from those which confronted the Supreme Court there, for there the court held that the injured party was in a position of peril when the automobile which was involved was yet a great distance away and when it could easily have been stopped had the driver thereof exercised due care and caution. Here the injured party, to wit, plaintiff, according to the evidence which we believe preponderates, was in a position of safety on the "passing," or parallel track, and did not leave this position until the motorcar had arrived at a point which was so near that at which the accident occurred that even at the moderate speed at which it was being operated, it could no longer be stopped, and that she then turned suddenly, and, without warning, stepped across the intervening space directly into its path.

Seelhorst v. Ponchartrain R. R. Co., 11 La.App. 586, 123 So. 626, and Betz & Son v. Illinois Central R. R. Co., 161 La. 929, 109 So. 766, have no application whatever. In the former case the court was dealing with peculiar conditions existing in a crowded city street and considered the fact that plaintiff, an elderly woman, was confused by other tracks and cars and railroad equipment in the neighborhood. In the Betz Case the view of plaintiff was obstructed to such an extent that she could not see the approaching train.

It is obvious in the present case that plaintiff's own fault was the proximate cause of the disaster. Under such circumstances there can be no recovery.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.