NEW ORLEANS AND NORTHEASTERN RAILROAD CO. *v.* SCOGIN

No. 42186          February 12, 1962          137 So. 2d 539

*M. M. Roberts,* Hattiesburg, for appellant.

*Ray M. Stewart,* Picayune; *Norman & Norman,* New Orleans, Louisiana, for appellee.

McElroy, J.

This is an appeal from the Circuit Court of Pearl River county, Mississippi, in which the appellee obtained a verdict for $16,000 for damage to a truck and trucking mixer and personal injuries against the appellant. This cause originated in the State of Louisiana.

On August 11, 1959, about 9:30 P. M. a Mack truck owned and driven by W. T. Scogin was traveling in a

northerly direction on U. S. Highway No. 11, more than one-half mile north or northeast of West Pearl River span on New Orleans and Northeastern Railroad right-of-way and approximately one mile north of Pearl River, Louisiana. Mr. Scogin did not stop his truck until he got onto the crossing and he stopped the same at a time when a northbound train was in such close proximity thereto that it was unable to stop and thus the resulting collision; and because of which there was heretofore filed in the Circuit Court of Pearl River County, Mississippi, suit for said W. T. Scogin on August 6, 1960.

Many motions and objections were made in this case, but we feel that the sole question before the Court is whether or not the appellee was guilty of contributory negligence. The evidence before the Court is supported by several exhibits which were introduced, showing the crossing, railroad track and Highway No. 11.

The testimony of appellee is to this effect: He lives at Picayune, Mississippi, and is engaged in the mixed-concrete business. He has lived in the city four years and in the county eight years. The accident happened August 11, 1959, between 9:00 and 9:25 P.M. He left Slidell, Louisiana, from Standard Material Corporation, a mixing plant, was driving a Mack Tandem truck with a concrete mixer mounted on it; proceeded northeasterly toward Picayune, entered the Town of Pearl River and proceeded across Pearl River Bridge in a normal operation, and came to a left-hand curve and came in proximity with another truck immediately ahead of him. He reduced the speed somewhat and stayed in the rear of the truck until the turn was negotiated, came across another bridge and then upon the crossing that is known as the Honey Island Swamp Crossing, (a railroad crossing) which runs generally in a northerly direction. He said he was traveling in an easterly and northeasterly direction at that crossing. The truck which was in front of him had a trailer. He also said: "I remained behind

the vehicle a reasonable distance and he came upon the crossing and put his brakes on or slammed them on and came almost to a stop. I was immediately behind him and it required me to do the same thing automatically and he eased up and went on over the crossing and I eased up and just as I came in close proximity to the crossing the signal went on. That was about 7, 8 or 10 feet, about that distance. The lights started blinking, I was in close proximity to the track and preparing to cross it, and the immediate track area you climb a grade mounting the crossing and it has a tendency to slow the vehicle. When the lights started blinking I looked up the track and saw nothing and I went on and was attempting to shift gears of the truck and negotiate the crossing and pick up and gain speed. At that time I was probably traveling half a mile an hour almost to a dead stop. As I shifted gears and mounted the crossing and looking for the train — I figured there would be a train there and I wanted to hurry across the crossing. I was too close to reverse my action. I shifted the truck to low gear to regain my speed and the truck at that time was mounting the crossing gradually rolling on the crossing and I attempted to restart the truck and couldn't and at the same time looking up the track or looking down the track. I attempted to restart the truck twice without success and the light on the train became visible and the train was coming in very close proximately to me and I fully realized it.'' He also testified that he was familiar with this crossing and had been over it many times.

The Louisiana law is similar to the Mississippi law in regard to railroad crossings. The engineer, road foreman and fireman testified to the effect that they were obeying the law and rules and regulations of the railroad, that the crossing signal was working properly, the bell was ringing and the whistle blowing. The appellee offered no testimony contradictory to that of

appellant,—that the railroad company was not violating any law or regulations.

■■ Judging from the pictures offered as exhibits and the testimony offered in this case, there is no evidence that the Railroad Company was guilty of any negligence. From the testimony of appellee, he himself was negligent in not obeying the signal warnings when he stated that he knew a train was approaching and that he was trying to "beat it across the track." ■■ The Louisiana law applies in this case.

■■ The case of Medley v. American Railway Express Co., Inc., 120 So. 75, (La.), states in part, as follows: "Whatever fault there may have been in the driver of defendant's truck, plaintiff cannot recover if he himself was guilty of any fault which contributed proximately to the accident."

It is stated in the case of General Exchange Ins. Corporation v. Carp, et al., 176 So. 145, that "If we were permitted to apply the doctrine of comparative negligence and weigh the negligence of defendant Carp, with that of the driver of the Pittman car, we would have no hesitancy in reaching the conclusion that the negligence of the driver of the Pittman car was not as gross as that of Carp. But the doctrine of comparative negligence does not prevail in this state, but the rule is that, regardless of the extent of defendant's negligence, plaintiff cannot recover if his own negligence was to some extent the proximate cause of the accident. Belle Alliance Co. Ltd. v. Texas & P. R. Co., 125 La. 777, 51 So. 846, 19 Ann. Cas. 1143."

The opinion in the case of Coulon v. City of Alexandria (Employers' Liability Assur. Corporation, Limited, Intervenor), 44 So. 2d 171 (La.), states that "the principle is axiomatic to the effect that where the plaintiff's negligence is the proximate cause of the injury he cannot recover regardless of any negligence on the part of the defendant."

In the case of Matthews v. New Orleans Terminal Co., et al., 45 So. 2d 547 (La.), it is stated:

"Respecting the doctrine of last clear chance, the situation in the instant case is similar in point of fact to that which prevailed in the case of Levy v. New Orleans & Northeastern R. Co., supra, in which application of the doctrine was rejected by the court in the following language: '* * * The last clear chance here rested not in the crew of the train but in Mrs. Levy for it is made very clear that after the locomotive reached a point so near to the crossing that it could not be stopped there yet remained time for her to stop her automobile had she been aware of the danger as she should have been. Therefore, because of the contributory negligence of Mrs. Levy there can be no recovery by plaintiff for her death.'

"In Eggleston v. Louisiana & A. Ry. Co., La. App., 192 So. 774, 780, is to be found the following language: '* * * Can it be said, however, that the engineer could and should have discovered the perilous situation earlier and when a sufficient distance away to prevent the accident through appropriate application of the brakes? We think not. The statutory law and jurisprudence of this state require that ordinarily a motorist give heed to a train approaching on a railroad crossing. In view of this requirement and as the train involved was plainly visible to the occupants of the Pontiac sedan and they were properly warned of its oncoming, the engineer was entitled to assume, when at least four seconds from the point of contact, that said automobile would come to a stop and not rush into the path of travel. * * *' "

The opinion in the case of Valsin A. Guidroz v. Travelers Insurance Company, et al., 99 So. 2d 916 (La.), states that "When the demands of the plaintiff are based on allegations of negligence and the defendant interposes a denial of the alleged negligence and enters an alternative plea of contributory negligence, in these

circumstances court oft-times will deem it expedient to first consider the plea of contributory negligence, because if the facts show there was negligence on the part of the claimant without which the accident could not have happened, it becomes entirely unnecessary to consider whether the defendant is guilty of primary negligence. Gibbens v. New Orleans Terminal Co., 159 La. 347, 105 So. 367; Brown v. Texas & P. R. Co., 42 La. Ann. 350, 7 So. 682; Albrecht v. Gaether, La. App., 97 So. 2d 88; Lehon v. New Orleans Public Service, Inc., 10 La. App. 715, 123 So. 172; Smith v. Illinois Cent. R. Co., 10 La. App. 342, 120 So. 405; Townsend v. Missouri Pacific R. Co., 6 La. App. 303.''

The motion for a directed verdict and peremptory instruction should have been sustained. We are therefore of the opinion that the case should be, and is, reversed and judgment entered for the appellant.

Motion sustained; reversed and judgment entered for appellant.

*Lee, P. J.,* and *Gillespie, Rodgers* and *Jones, JJ.,* concur.