PROVOSTY, J.
In the afternoon, at about 6 o’clock, in July, on a bright day, plaintiff’s husband, an old negro about 65 years old, was walking into the city of Lake Charles on the right of way of the defendant railroad company on his way home from his farm about a quarter of a mile out from the city on the railroad, with a sack of watermelons on his back, and had reached a point some 300 feet inside of the limits of the city, and within 200 feet of the first street crossing, when defendant’s fast passenger train, coming from the rear, struck and killed him.
This right of way has five tracks and is inclosed by wire fences at the sides and cattle guards and fences, with steps over them, at the street crossing. The tracks go east and west. The old man and the train were going west.
The engineer’s version is that the old man was walking on the cinder path between the track on which the train was and the track on its right, at a perfectly safe place, but that, when the train was within 60 or 80 feet *764 of him, he turned to the left and stepped upon the track, too late for the accident to be avoided.
Defendant’s learned counsel call attention to the fact that the old man’s home was south of the track which he thus fatally stepped upon, and that therefore, to reach his home, he would have had to cross this track sooner or later, and they suggest that he was probably attempting to do it then.
We think, however, that plaintiff has established that the old man had walked upon the ends of the cross-ties a distance of some 80 feet before he was struck, and that the reason of his deviating from the cinder path and stepping upon these cross-ties was not as suggested by defendant’s learned counsel, but was in order to give a wider clearance to a switch engine which was standing upon the track to his right.
And we think that plaintiff has further established that the engineer failed, as the train came nearer, to give any alarm whistle to warn the old man of his danger; and we agree with plaintiff’s learned counsel that this was most probably due to the fact that just at the time when he should have done so, which was when he was yet about 800 feet from the old man, he had concentrated his attention upon the switch engine, which was standing on the side track, and which had caused the old man to step out of the cinder path and upon the ends of the cross-ties.
[1]This failure on the part of the engineer to look ahead was culpable negligence. Especially that this place was much used by pedestrians, there being no other way along there, and he must have known this, and the defendant company was also culpably negligent in the excessive speed of the train which was going at some 30 or more miles an hour, although by ordinance of the city the speed of trains within the city limits was restricted to 15 miles an hour.
The sole question must therefore be whether there was not such contributory neglb gence on the part of the old man as to preclude recovery.
[2] That he was negligent in going upon this track without looking and in thus remaining upon it unmindful of the danger, there can be no question. 1-Ie was possessed of all his faculties. 1-Iis sight and hearing, were good. Had he looked, he would have seen this fast-coming train about 1,000 feet away, for the track was straight and level for miles in that direction and unobstructed. That he did not hear is accounted for by the fact that this train was coming with steam shut off, of its own momentum, and,, therefore, almost noiselessly, while the switch engine which was passing and a local passenger train which stood upon the track to the left of the incoming train were making more or less noise. Doubtless this same switching engine is responsible for the attention of the old man not having been roused by the whistle of the incoming train at the' city limits, for the train did whistle at the city limits; he may have thought that the-whistle was that of this switch engine. He remained upon this track, although he must have known that this very train was due at that very moment, for he used this right of way morning and evening in going to and returning from his farm, and must have been as familiar with the schedule time of the passenger trains on this road as his old wife was, who testified that her habit was to have finished with the cooking of her supper by the time this train was due so that she might be at leisure to stand in her door and enjoy the spectacle of seeing it pass.
[3] No doubt he was oblivious of his danger ; but was this more excusable on his part than the like obliviousness on the part of the engineer in allowing his attention to be absorbed by the switch engine and those aboard of her? It would have been as easy *766 for him to have stepped off the end of these cross-ties back to the smooth, level cinder path alongside as for the engineer to have done those things necessary to avert the accident; and the legal duty in the premises rested even more heavily upon him than upon the engineer, since his presence there was more or less in the nature of a trespass. It would be doubtful, therefore, whether, even as a matter of comparative negligence, the scale would lean against the defendant company. But as said by this court in Belle Alliance Co. v. T. & P. R. Co., 125 La. 777, 51 South. 846, 19 Ann. Cas. 1143:
“In this state, the rule that contributory negligence precludes recovery has been consistently adhered to.”
The cases of McGuire v. V., S. & P. R. Co., 46 La. Ann. 1543, 16 South. 457, Downing v. Railroad Co., 104 La. 508, 29 South. 207, McClanahan v. V., S. & P. R. Co., 111 La. 781, 35 South. 902, Sundmaker v. Y. & M. V. R. R. Co., 106 La. 111, 30 South. 285, and Harvey v. Railroad Co., 114 La. 1078, 38 South. 859, relied upon by plaintiff’s learned counsel, are not in derogation of that rule. In the Downing, Sundmaker, and Harvey Cases, the person injured was absolved of contributory negligence. In the other two the person injured had lost the. ability to get himself out of the danger, and, where this is the case, his negligence can no longer be said to have been the proximate cause of the injury. In these two cases, the person injured lay unconscious upon the track with no chance whatever therefore of saving himself; and the engineer coming on with his train had the last clear chance of averting the accident. In the instant case the old man continued down to the last moment to have just as good, if not a better, chance than the engineer to avert the accident.
The proposition upon which the learned counsel rests his case that:
“The defense of contributory negligence will not avail if, by reasonable care on the part of those in charge of the train, the accident could have been avoided”
—is correct only with the qualification that the contributory negligence of the person injured has not continued down to the occurring of the accident, or, in other words, been concurrent 'with that of the defendant at the-very moment itself of accident.
“This so-called exception to the rule of contributory negligence (i. e., the doctrine of ‘last clear chance’) will not be Extended to cases where the plaintiff’s own negligence extended up to and' actually contributed to the injury. To warrant its application there must have been some new breach of duty on the part of the defendant subsequent to the plaintiff’s-negligence.” A. & E. B. of L. Suppl. vol. 2, p. 64, notes 4 and 5.
In Hammers v. Col. S., N. O. & P. R. Co., 128 La. 648, 55 South. 4, 34 L. R. A. (N. S.) 685, this court quoted with approval from 29 Cyc. 530, as follows:
“The rule has no application where the negligence of the person injured and of defendant are concurrent, each of which, at the very time the accident occurs, contributes to it.”
This doctrine of last clear chance, as affected by the question whether the negligence of the person injured was concurrent,, is so satisfactorily discussed by the Supreme-Court of Kansas in the case of Dyerson v. Union Pac. R. Co., 74 Kan. 528, 87 Pac. 680,. 7 L. R. A. (N. S.) 132, 11 Ann. Cas. 207, and in the note to the decision in the last-named, report, that we deem it unnecessary to discuss it more extensively here.
The judgment appealed from is therefore-affirmed.
MONROE, J., concurs in the decree.