(70 South. 481)

No. 21625.

CASTILE v. O'KEEFE.

(Nov. 29, 1915.    Rehearing Denied Jan. 10, 1916.)

*(Syllabus by the Court.)*

RAILROADS ⬤⟲390—TRESPASSER—CONTRIBUTORY NEGLIGENCE—NEGLIGENCE OF TRAINMEN.

A trespasser on a railroad track, who fails to make use of his eyes, to keep himself informed of the approach of trains, will, in case of injury, be held guilty of such contributory negligence as to bar recovery, notwithstanding the concurrent failure of the servants of the railway company to keep a proper lookout.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1324, 1325; Dec. Dig. ⬤⟲390.]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; John E. Fleury, Judge.

Action by Mrs. Abbie Castile, widow, etc., against J. D. O'Keefe, receiver, etc. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Dufour & Dufour and R. B. Logan, all of New Orleans (George Janvier, of New Orleans, of counsel), for appellant. T. M. & J. D. Miller and Prentice E. Edrington, Jr., all of New Orleans, and Mixon, Holmes & Mixon, of McComb, Miss., for appellee.

LAND J. Plaintiff sued for $25,000 damages for the death of her husband, James H. Moore, who on October 24, 1914, while walking along and upon one of the tracks of the Illinois Central Railroad Company, about six miles from the city of New Orleans, was struck and killed by a passenger train of the New Orleans, Texas & Mexico Railroad Company, then in the hands of the defendant receiver. The petition charges that the engineer and fireman on said train failed to keep a proper lookout for persons on or about said tracks, and that they gave no warnings whatsoever of the rapid approach of said train.

The petition further alleges:

"That just prior to and at the time of said train running into, injuring, and killing the said Moore a noisy freight train belonging to the Illinois Central Railroad Company was going north on the north-bound track next to and adjacent to the track upon which the train of the defendant receiver was passing and that the noise made by the passing rumbling freight train prevented the said deceased from hearing the approach of the train of the New Orleans Texas & Mexico Company; that the deceased saw the crew of the passing freight train, who were known to him, and they saw the deceased prior to his being struck and killed by the train of the New Orleans, Texas & Mexico Railroad Company."

The petition further alleges that:

"The said Moore, while walking on said track, could have been seen for a mile ahead; * * * that the day was clear and bright, and there was nothing to obstruct the vision of those in charge of said train."

In its answer the defendant pleaded that the said accident was caused solely by the gross negligence of the deceased in trespass-

ing on said tracks, and in not keeping his wits, and in not paying attention to what was going on about him. The defendant, in the alternative, pleaded contributory negligence.

The case was tried before the court, which rendered judgment in favor of the plaintiff for $6,000, with legal interest thereon from date of judgment and all costs of suit. The defendant has appealed.

The engineer and fireman on defendant's train testified that they were keeping a lookout on the track, but did not see the deceased, and did not know until the next day that their train had struck and killed a man. The morning was clear, the track was straight for a mile or more, and nothing prevented these witnesses from seeing the deceased on or near the track if they had been keeping a proper lookout. At the place of the accident there were two tracks through the swamp or marsh, separated by an interval of some 200 or 300 feet. One was called the "north-bound," and the other the "south-bound," track. On the occasion in question, the defendant's passenger train was passing over the latter track at a speed of 25 or 30 miles per hour in the direction of the city of New Orleans. At the same time a heavy freight train which had just left Harahan Junction was proceeding in the opposite direction on the "north-bound" track. At or about the point of the meeting of these trains the husband of the plaintiff was run over and killed. According to the testimony of the fireman on the freight train, a few moments before the accident, the fireman on the other train was looking at him, and the engineer on the same train had his face turned in the same direction. The same engineer did not remember passing the freight train, and his fireman locates the meeting at some other place. If the testimony of these two witnesses be true, they were entirely oblivious of their surroundings at the time their train ran over and killed Moore. We infer from the evidence that the attention of the engineer and fireman was focused on the passing freight train, and that they did not see Moore, and did not know that their train had run over him.

The freight train was making a great deal of noise, which probably prevented Moore from hearing the approach of the passenger train which was coming up behind him. But nothing prevented him from looking back over the mile or more of straight track over which said train was advancing. If Moore had looked, he would have seen the train, and stepped off the track. He was in the prime of life, and in full possession of all his perceptive faculties. He voluntarily placed himself in a position of danger, when he could have walked in safety along the side of the track.

The case is one of negligence on both sides continuing down to the moment of the accident.

While the evidence shows that pedestrians used the railroad embankment and tracks as a passageway, there is nothing to suggest that such use was licensed by the railroad company. As a matter of common observation, it is practically impossible for a railroad company to prevent tramps and other trespassers from walking on its tracks.

This case is within the doctrine of Harrison v. Louisiana Western R. Co., 132 La. 761–766, 61 South. 782, that the rule of "last clear chance" does not apply "where the negligence of the person injured and of defendant are concurrent, each of which, at the very time the accident occurs, contributes to it." 29 Cyc. 530. In the Harrison Case, an old man walked along a railroad track for a short distance when he was struck and killed by a passing locomotive. The accident happened in the outskirts of the city of Lake Charles. The court inter alia, said:

"In the instant case the old man continued down to the last moment to have just as good, if

not a better, chance than the engineer to avert the accident."

The same doctrine has been thus expressed:

"As a general rule, a trespasser on the track who fails to make use of his eyes and ears to keep himself informed of the approach of trains in all directions will be held guilty of such contributory negligence that he cannot recover, notwithstanding the concurrent negligence of the railway company." 1 Thompson on Negligence, 450.

Many thousands of trespassers are killed or injured every year by reason of their using railroad tracks for passageways. This fact admonishes the courts not to virtually sanction such a dangerous practice by awards of damages in cases of this kind.

It is therefore ordered that the judgment plaintiff's suit be dismissed, at her cost in both courts.