## GIBBS v. ILLINOIS CENTRAL R. R. CO.

(May 27, 1929.   Opinion and Decree.)
(June 24, 1929.   Rehearing Refused.)
(December 17, 1929.   Opinion and Decree of Supreme Court on Writ of Certiorari and Review.)

Paul A. Sompayrac and A. T. Higgins, of New Orleans, attorneys for plaintiff, appellant.

Lemle, Moreno & Lemle, of New Orleans, and R. V. Fletcher, of Chicago, Ill., and Chas. N. Burch, of Memphis, Tenn., and Hunter C. Leake, of New Orleans, attorneys for defendant, appellee.

JANVIER, J.   Petitioner alleges that Steve Gibbs was walking along the right of way of defendant company at a point near Shrewsbury, in Jefferson Parish, Louisiana, when he was struck from the rear by a train of defendant, the crew of which had given no warning of its approach.

She also alleges that she and Gibbs had, prior to moving to Louisiana, lived together in Mississippi as husband and wife. She claims that Gibbs was, as a result of this living together, her common law husband and that, since that relationship is recognized under the laws of Mississippi, she can recover in Louisiana for his death.

To this petition defendant filed an exception of no cause of action, based on

two contentions, either of which, if upheld, would effect a dismissal of this suit.

Defendant's first contention is that a common law wife cannot, under Article 2315 of our Code, maintain an action for the death of her alleged common law husband.

The second contention is that, under the jurisprudence of this state, one who, in the full possession of his faculties, walks along a railroad track and allows himself to be run over by a train, is guilty of negligence, which, since it continues down to the very moment of the accident, prevents the application of the doctrine of the last clear chance and prevents recovery.

Since the second contention involves the question of the existence vel non of a cause of action in anyone, we deem it proper to first consider this contention, because, if no cause of action exists at all and not even a legitimate wife or legitimate children, if there were such, could recover, no good purpose can be served by considering and discussing the question of whether a common law wife can recover where a cause of action exists.

Under many Louisiana decisions the negligence of the deceased in walking upon the track continued to the very moment of the accident, and thus prevented the application of the doctrine of the last clear chance. Chargois vs. M. L. & T. R. R. & S. S. Co., 148 La. 637, 87 So. 499; Castile vs. O'Keefe, 138 La. 479, 70 So. 481; Harrison vs. La. Western R. Co., 132 La. 761, 61 So. 782; White vs. I. C. R. Co., 114 La. 825, 38 So. 574.

In the case of Castile vs. O'Keefe, the accident happened on the same tracks and in about the same place in which occurred the accident which we are now considering. In that case the court said:

"The freight train was making a great deal of noise, which probably prevented Moore from hearing the approach of the passenger train which was coming up behind him. But nothing prevented him from looking back over the mile or more of straight track over which said train was advancing. If Moore had looked, he would have seen the train, and stepped off the track. He was in the prime of life, and in full possession of all his perceptive faculties. He voluntarily placed himself in a position of danger when he could have walked in safety along the side of the track."

Plaintiff argues that, in all the cases cited, the deceased was walking on the track, whereas here he was walking along the right of way. We are unable to see any distinction. Of course, if a person walking along the right of way a sufficient distance away from the track to be in absolute safety is struck by some article extending or protruding from the train, the situation would unquestionably be different. But if the person is walking either on, or so close to the track as to be struck by the train itself, we cannot see why the cases cited do not apply.

Being of the view that no cause of action exists in anyone, we see no need to consider whether a common law wife would have had a right of action if one did exist.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.