THOMPSON, J.
 

 This is a suit in which the plaintiff claims damages in the sum of $15,000 for the killing of her husband by a train of the defendant company.'
 

 An exception of no cause of action was filed, predicated upon the grounds: (1) That a common-law marriage is not recognized in Louisiana, and is unknown to the laws of Louisiana, and therefore the plaintiff is not the widow of the deceased, and has no statutory or other legal right to claim damages on account of his death. (2) That the plaintiff’s petition alleges a state of facts which show that she is not entitled to recover a judgment under the jurisprudence and the laws of Louisiana.
 

 . The first contention under the exception was sustained by the trial judge, and on appeal the Court of Appeal (123 So. 186) sustained the second contention, and affirmed the decree of the lower court, dismissing the suit.
 

 The case is before us for review on application of the plaintiff.
 

 • In the petition addressed to the district court the plaintiff alleges that she is the widow of the man, Steve Gibbs, who it is alleged was killed- by one of the defendant’s trains. In the second paragraph of the petition it is alleged that the train ran over and killed Steve Gibbs, the husband of your petitioner. In other parts of the second paragraph, the deceased is referred to several times as her husband. In the third paragraph of the petition, it is alleged that petitioner was the common-law wifei of the deceased, pursuant to the laws and customs of marriage in the state of Mississippi, and that, while they were living as man and wife according to the law and custom in that state, two children were born to them in their home in the state of Mississippi, and that long after the birth of said children petitioner and her said husband moved with the children to the state of Lou-isianá.
 

 
 *453
 
 It is alleged further in paragraph 5 that her said husband was dutiful and faithful to her and their two children, and that by his death she has been deprived of his love, support, and companionship.
 

 It will not be gainsaid, we imagine, that the right of action' for the negligent killing of a human being is statutory and sui generis, and only exists in favor of certain classes.' of persons specifically designated; that all who are not expressly included within the terms of the statute (Oiv. Code, art. 2315) are held to be excluded.
 

 When the statute speaks, therefore, of the widow of a deceased person, or the wife of a deceased person, it means, and can only mean, a lawful wife, or a lawful surviving widow.
 

 If the petition in this case went no further than to allege that the plaintiff was the common-law widow of the deceased, the court might perhaps be justified in assuming that she was not the widow of the deceased as the result of a legal marriage, for the reason that the laws of this state do not recognize the title or designation of a common-law wife or widow.
 

 As we have stated, however, the allegation is made that petitioner is the widow and the common-law wife of the deceased pursuant to the laws of Mississippi. We must assume, therefore, for the purpose of the trial of the exception of no cause of ’ action, that the plaintiff is the lawful wife or widow under the laws of Mississippi.
 

 ■ If it should appear in the trial on the merits that the plaintiff was not married to the deceased according to the laws of Mississippi, Where they had their legal domicile, then the plaintiff, cannot, under our statute, be regarded as the widow of the deceased.
 

 On the contrary, however, if it can be shown that the. plaintiff and the deceased were married according- to the laws of Mississippi, they did. not lose the status of lawful husband and wife by the aet of moving to Louisiana.
 

 In the case of Marzette v. Cronk, 141 La. 444, 75 So. 107, it was held that parties having a legal marital status under the laws of Arkansas acquired, or retained that status when they came to Louisiana. See, also, Doiron v. Vacuum Oil Co., 164 La. 31, 113 So. 748.
 

 There is nothing in the case of Vaughan v. Dalton-Lard Lbr. Co., 119 La. 62, 43 So. 926, inconsistent with the .rulings in the cases cited supra.
 

 That case went no farther than to hold that the statute restricted' the right to a lawful widow, and did not include a putative wife or widow of a bigamous marriage.
 

 Our conclusion is that the plaintiff is entitled to a day in court to show, if she can, that she is the widow of the deceased as the result or consequence of a marriage valid under the laws of Mississippi, from whence she moved to this state. The ruling denying her this right was erroneous.
 

 Coming to the second part of the exception of no cause of action, the petition alleges that one of the passenger trains of the defendant negligently and through the fault of the defendant corporation, its agents and employees, ran over and killed Steve Gibbs; .that the said Gibbs was walking along the right of way coming toward New Orleans, as is common of pedestrians in that locality, in the country, all to the knowledge of defendants, ■ and that it was the duty of the said railroad company, its agents and employees in charge of said train, according to custom and practice, to give some signal or warning of the approaching train, particularly as it was run
 
 *455
 
 ning at a great rate of speed; but that said corporation failed in the aforesaid duty, and did not .perform it, and that said train struck Steve Gibbs in his back, threw him on the railroad track, and ran over and killed him.
 

 It is further alleged that the said Gibbs was not guilty of contributory negligence, and his death was due to the fault and negligence of defendant, its agents and employees, who not only failed in their duty, but had the last chance of avoiding the death of her said husband, but even then did not stop their train, nor give deceased a signal nor warning.
 

 It is contended by the learned counsel of defendant that, when a person in full possession of his faculties is struck by a train while walking on a railroad track, the recovery of damages will be denied.
 

 In support of this contention counsel cite a number of cases decided by this court in which that principle was applied.
 

 It will be conceded that, if the petition had gone no further than to liave alleged that the defendant’s train, while .running at an excessive rate of speed and without giving any warning or signal of approach, negligently and wantonly ran over and killed Gibbs, it would have disclosed a cause of action, though perhaps would have been amenable to an exception of vagueness. The exception, however, is more particularly directed at that part of the petition which alleges that Gibbs was run over and killed while he was walking along the right of way sufficiently near the track to have been struck by the train.
 

 The only theory, therefore, on which the exception can be sustained, is that the facts alleged show that the deceased was guilty of contributory negligence, and that such negligence, with that of the railroad employees, continued down to the moment the train struck Gibbs.
 

 The following cases are cited and relied on by defendant: White v. Illinois Central Ry. Co.,
 
 114
 
 La. 825, 38 So. 574; Harrison v. Louisiana Western R. Co., 132 La. 761, 61 So. 782; Castile v. O’Keefe, 138 La. 479, 70 So. 481; Woods v. Longville Lbr. Co., 141 La. 267, 74 So. 990; Vanon v. La. Ry. & Nav. Co., 143 La. 1085, 79 So. 869; Fils v. Iberia St. M. & E. R. Co., 145 La. 544, 82 So. 697; Hudson v. N. O. Ry. & Light Co., 147 La. 56, 84 So. 492; Saitta v.
 
 Y. &
 
 M. V. Ry. Co., 153 La. 1099, 97 So. 261; Vappi v. Morgan’s La. & T. R. & S. S. Co., 155 La. 183, 99 So. 31; Jarrow v. City of New Orleans, 168 La. 992, 123 So. 651; Chargois v. Morgan’s La. & T. R. & S. S. Co., 148 La. 637, 87 So. 499.
 

 It is worthy of note that in each and every case cited, save the one last mentioned, the ruling of the court was based on the peculiar facts as developed on a trial of the merits of the case, and the court found that the deceased was guilty of negligence which, extended down to the moment of
 
 the
 
 accident.
 

 We do not understand that in the cases cited the court intended to lay down as an inflexible legal proposition, by which the court should be guided, that any person who goes upon a railroad track and is run down and killed by a train is debarred from the recovery, regardless of the circumstances under which the killing occurred. The rule is that every case for damages for personal injury or death must be decided on the facts of that particular case.
 

 The only one of the cases cited in which an exception of no cause of action was sustained in advance of a trial on the merits is the Ohargois Case, last noted supra. In that case the petition alleged the details of the aeei-
 
 *457
 
 dent about as fully, completely, and minutely as could bave been done, and tbe court found that tbe facts alleged showed a clear case of contributory negligence on tbe part of tbe deceased.
 

 We are not of tbe opinion that sucb a case is presented bere. In our opinion, tbe allegations of- plaintiffs petition do not unmistakably and affirmatively show that tbe deceased, Gibbs, was guilty of sucb negligence as would convict bim of contributing to and causing bis own death, and to exonerate tbe railroad company from running him down and killing him.'
 

 It may be that, when the case is tried and all of the facts are put before tbe court, no alternative will be left tbe court but to find that tbe deceased contributed to bis own death in sucb a manner as to bar recovery by bis widow.
 

 Contributory negligence is a special defense, and unless tbe facts alleged, which are accented as true for tbe purpose of the trial of an exception of no cause of action, show affirmatively that tbe deceased was guilty of contributory negligence, and that sucb negligence was tbe proximate cause of bis death, the exception should not be main-tamed.
 

 For reasons assigned, the judgment of the Court of Appeal and that of tbe district court is set aside, the exception of no cause of action is overruled, and the case is remanded to tbe district court, to be tried according to law. Tbe costs of this court and of the Court of Appeal to be paid by defendant.
 

 O’NIELL, C. J., dissents, particularly on the first ground for the exception of no right of action.