BAPTISTE v. MATEU.
No. 14266.

Court of Appeal of Louisiana. Orleans. April 24, 1933.

Phillip M. Guiffre, of New Orleans, for appellant.

Geo. C. Schoenberger, Jr., of New Orleans, for appellee.

WESTERFIELD, Judge.

This suit grows out of an accident which occurred at the intersection of Dauphine street and Esplanade avenue on August 13, 1931, when Revistes Baptiste, an aged negro, was run into by the automobile of defendant, driven by herself, causing a fracture of plaintiff's right leg, disabling him for a period of about two months.

The evidence in the case presents the usual conflict, but, adopting the conclusions of the trial judge upon the facts involved, we find that Baptiste was under the influence of liquor at the time of the accident, and with his head down and without looking in the direction of traffic, started across the lower side of Esplanade avenue from the neutral ground towards the curb; that he stopped, and defendant, believing that he intended to remain in a position of safety until she drove by, speeded up her car (she had practically stopped at the crossing) and continued across the intersection, whereupon plaintiff started again, with the result that he was struck and knocked down by defendant's car.

The fact that plaintiff was negligent is apparently conceded, for his counsel relies upon the doctrine of the last clear chance which would have no application if plaintiff was free from fault, and we might add, at this time, that the doctrine fails of application to this case, for the reason that the neg-

ligence of plaintiff continued up to the moment of the accident. Jordon v. Katz & Besthoff, 15 La. App. 500, 132 So. 380.

In Harrison v. Louisiana Western Railroad Co., 132 La. 762, 61 So. 782, 784, cited in the case of Jordon v. Katz & Besthoff, we find the following: "This so-called exception to the rule of contributory negligence (i. e., the doctrine of 'last clear chance') will not be extended to cases where the plaintiff's own negligence extended up to and actually contributed to the injury. To warrant its application there must have been some new breach of duty on the part of the defendant subsequent to the plaintiff's negligence."

According to his own testimony, plaintiff started diagonally across the street with his head bowed and his back practically towards the approaching automobile of defendant, without looking in the direction of traffic, and did not see the defendant's automobile until a moment before it struck him.

In the case of Neville v. Postal Telegraph Cable Co., 13 La. App. 76, 126 So. 720, we held that an old lady who attempted to cross the street without giving a second look in the direction of traffic was guilty of negligence barring her recovery. Here the plaintiff did not look at all.

Even though defendant may be said to have been negligent for one or all of the reasons urged by counsel, plaintiff cannot recover because of his continuing and contributory negligence.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.