## HARRIS v. LANDRY.

### No. 14385.

Court of Appeal of Louisiana. Orleans.

Nov. 13, 1933.

Arthur J. O'Keefe, Jr., and Leon F. Davison, all of New Orleans, for appellant.

John E. Fleury and J. K. Gaudet, both of Gretna, for appellee.

JANVIER, Judge.

Plaintiff, Jordan Harris, a pedestrian, received injuries when he was struck by an automobile owned and occupied by defendant and driven by a chauffeur.

The accident occurred between 4 and 5 o'clock in the late afternoon of November 26, 1929, while there was yet daylight. In his petition Harris charges that he was struck by defendant's car while he "was standing at the extreme right hand edge of the Jefferson Highway, at a point south of and near Kenner, Louisiana, (a proper and customary bus stop) waiting for the bus, to go to his home in New Orleans." He and the witnesses produced by him state, however, that he was standing on the left side of the road and that the car of defendant struck him without warning of any kind.

Defendant, Landry, declares that as his car approached the point at which the accident occurred he noticed plaintiff walking along the center of the paved highway, going in the direction from which defendant was approaching, and that he (defendant) warned his chauffeur to be careful; that thereupon the chauffeur sounded the horn and reduced the speed of the car and that there was ample room to pass plaintiff without danger; but that plaintiff, as the car came alongside, stepped a few feet toward the side of the road on which the car was passing and was struck by it before it could be stopped.

Defendant further asserts that his car was brought to a complete stop within a few feet. His version of the accident was accepted by the district judge, plaintiff's suit was dismissed, and the matter is now before us on appeal.

Plaintiff's statement that he was standing on the extreme edge of the roadway is corroborated by two witnesses who were in an automobile which was proceeding in the direction opposite to that in which defendant was going and who say that plaintiff signaled them, indicating that he desired a ride, and that they stopped near him. Their recollection of what took place is, however, manifestly faulty, and we conclude that they, as well as plaintiff, are mistaken, and that, in-

stead of being on the edge of the roadway, plaintiff was walking along the center of the roadway and had been signaling with his hand in the hope that some passing motorist would ride him to New Orleans.

The two witnesses to whom we have referred testified that after they had stopped their car at plaintiff's signal the said car remained standing on the river side of the road for some ten minutes, and that during that time plaintiff retained his position on the other side of the road, until after defendant's car approached and struck him.

We cannot believe that plaintiff, even conceding that he had been on the other side of the road when the passing car stopped at his signal, would have remained there for any appreciable length of time, and we feel certain that he would have hastened across the road to the car which had stopped for him. Then, too, the fact is that it was the left headlight and left front fender of defendant's car which were damaged by the impact, and we cannot understand how the automobile could have been so far off the paved highway as to strike, with its left headlight and left fender, a pedestrian who himself was on the extreme edge of the paving.

The testimony of defendant and the two witnesses who corroborate him is much more reasonable and, consequently, more convincing. It was accepted as correct by the district judge and is not manifestly erroneous.

We, therefore, find that plaintiff was walking along the center of the roadway and was seen by defendant and by his chauffeur; that signals were given and that the speed of the car was reduced; but that at the last moment plaintiff stepped into the path of the approaching automobile and was struck.

■■ There can be no recovery because, even if there had been any fault in defendant or his chauffeur, plaintiff's own action in stepping into the danger and his own conduct in walking along the center of a much-traveled highway, without looking, would constitute negligence on his own part and would deprive him of a right to recover because, where an injured party is himself guilty of negligence, without which there would have been no accident, and where that act of negligence is subsequent to the act committed by the defendant, or where the negligence of the injured party continues up to the very moment of the accident, there is no room for the application of the doctrine of the last clear chance.

In Jarrow v. City of New Orleans, 168 La. 992, 123 So. 651, 652, the Supreme Court said that the doctrine of the last clear chance "will not be extended to cases where the plaintiff's own negligence extended up to and actually contributed to the injury." The court, referring again to the last clear chance doctrine, said:

"To warrant its application there must have been some new breach of duty on the part of the defendant subsequent to the plaintiff's negligence."

See, also, Castile v. O'Keefe, 138 La. 479, 70 So. 481; Harrison v. La. Western R. Co., 132 La. 761, 61 So. 782; American & Eng. Encyc. of Law (Supp.) vol. 2, p. 64, notes 4 and 5.

The judgment appealed from is affirmed. Affirmed.