### JENKINS v. LOUISIANA & A. RY. CO.
No. 16230.

Court of Appeal of Louisiana. Orleans.
Nov. 18, 1935.

A. H. Wagner and M. C. Scharff, both of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

JANVIER, Judge.

Mrs. Louise J. Jenkins, natural tutrix of her minor son, Everett T. Aubry, brings this action on behalf of her said son, seeking recovery from the defendant railroad company to compensate for the physical injuries sustained when the injured boy was run over by a train of defendant company. Petitioner alleges that one of her son's legs was so badly crushed that amputation was necessary.

Defendant, by exception of no cause of action, contends that the allegations of the petition are not sufficient, even if true, to show negligence on the part of any of its officials, agents, or employees.

In the district court the exception was maintained and the suit dismissed. Plaintiff has appealed.

According to the petition the child, six years of age at the time, was standing upon a levee or bank of earth, about twenty feet high, and which levee was near to the tracks on which defendant's train passed. The petition alleges that, "after several cars had passed," the young boy "was shaken from his position on the levee, or lost his balance, and as a result he rolled down the said incline and rolled upon one of the rails of the track of the defendant company."

The petition also contains an allegation in which it is charged that the employees of the train should have realized "that due to said child's age and his lack of discretion, and the vibration of the train, that injury would come to petitioner's minor son."

Attached to the petition is a photograph showing the levee at the point adjacent to defendant's tracks. The photograph is made a part of the petition, and the petition alleges that the photograph is marked to show the spot at which the young boy was standing as the train approached. The petition also alleges, and the photograph shows, that there is a footpath leading from the top of the levee down the incline and across the tracks, and it was on this footpath, a few feet from the top of the levee, that the child was standing as the train approached.

The allegation that the vibration of the train was so great as to shake from his position a child of the tender age of plaintiff's son is a serious one. If it is true that the vibration was so great, and if it is true that the employees of defendant company knew or should have known from former experience that the vibration was such as is alleged, then there was a duty in them to so operate the train at that point as not to cause such extreme vibration, in view of the fact that so young a boy was standing so near to the rails and on an angle sloping towards the track.

Viewing the photograph in connection with the allegations of the petition, we find it difficult to believe that the vibration could have been so great as is alleged. Nevertheless, we cannot disregard the plain allegations of the petition, and we cannot overlook the fact that the path, as shown on the photograph and as alleged in the petition, sloped downward towards the tracks.

However difficult it may be for plaintiff to sustain such allegations, so long as they are not impossible, the plaintiff should be given an opportunity to submit proof in substantiation thereof.

In Gibbs v. Illinois Central Railroad Company, 169 La. 450, 125 So. 445, 447, a case in which the Supreme Court considered an exception of no cause of action, that court laid down the rule that: "Every case for damages for personal injury or death must be decided on the facts of that particular case."

The allegations of this petition do not bring it within the doctrine announced in various cases, in which it has been held that automobile drivers operating their cars along country highways are under duty to take extreme precaution where they see young children on the roadside. Jacoby v. Gallaher, 10 La. App. 42, 120 So. 888; L'Admirault v. Pointe Coupee Motor Company, Inc., 7 La. App. 389. But we feel that the allegations with reference to the vibration and to the apparent immaturity of the child must be considered, and we also feel that if they are considered plaintiff should be given an opportunity to substantiate them by proof.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed; that the exception of no cause of action be

and it is overruled; and that the matter be remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.

HARRY McCALL, Judge 'ad hoc, participating in absence of Judge LECHE.