JOURDAN *v.* JOURDAN.

(Division B.   Feb. 21, 1938.)

[179 So. 268.   No. 32974.]

**Clark & Clark**, of Iuka, for appellant.

Jas. A. Cunningham, of Booneville, for appellee.

**Ethridge, P. J.,** delivered opinion of the court.

This is an appeal from the judgment of the chancery court of Tishomingo county awarding the appellee, Eunice Jourdan, alimony and attorney's fees in a suit by her against the appellant for support and attorney's fees in the litigation therefor. It is contended by the appellant that there was no valid marriage, under the facts shown in the record.

It appears from the record that in February, 1934, the appellant and the appellee, under an arrangement for an early marriage, had sexual relations, and that the appellee became pregnant therefrom; that in the following August the appellant came and lived at the home of the appellee, they having represented to the family that they were man and wife. Both appellant and appellee lived at the home of her father from August until February of the following year, when they moved into a separate home, and there lived together, holding themselves out as husband and wife. It appears that while they were living at the home of appellee's father they did not occupy the same bed or the same room, and the child was born in November, 1934, during that period. In July, 1935, the appellee became ill and was carried to a hospital, where she had a major operation. She was entered in the hospital as Mrs. Eunice Jourdan, but after leaving the hospital she returned to her father's home, and appellant did not thereafter live with her. Some time after this separation the county attorney, at the in-

stance of the appellee or her family, made an affidavit against the appellant for a statutory rape, being an offense under section 1123, Code 1930, where the male, older than the female—she being over twelve years of age and under eighteen—unmarried and of good character previously, has sexual relations with her. When the sheriff went to serve this writ on the appellant, he stated to the sheriff that he and Eunice were man and wife.

On the advice of counsel the case against appellant for such offense was dropped, and thereafter the present suit was filed, when the appellee and her father both testified to the facts above stated, as to the representation made both by the appellant and the appellee that they were married, and as to their living together, as above stated. There was other testimony that they lived together in a separate place subsequent to their residence at the home of the appellee's father. The appellant did not testify at all. Consequently, the question for decision is whether, under the facts above stated, the chancellor was warranted in finding a common-law marriage, as he did, in rendering a decree for alimony and attorney's fees. A marriage valid at common law is recognized in Mississippi, under section 2363, Code 1930. Howard v. Kelly, 111 Miss. 285, 71 So. 391, Ann. Cas. 1918E, 1230; Sykes v. Sykes, 162 Miss. 487, 139 So. 853, 858. In the case of Sims v. Sims, 122 Miss. 745, 85 So. 73, an unlawful marriage was ceremonially contracted in another state, and the parties thereafter lived together, holding themselves out as husband and wife. This marriage was void at the time it was contracted because one of the parties had not been divorced, after having previously been married. Subsequently the spouse by this former marriage, which rendered the later marriage void at the time it was contracted, died. The parties moved to Mississippi, and continued to live together and hold themselves out as husband and wife, without any specific agreement having

been made after the death of the former spouse. The wife afterwards sued for alimony and support; whereupon it was contended that there was no marriage, because there was no specific agreement after the removal of the obstacle which originally rendered the marriage void; but the court held that there was a common-law marriage and sustained the suit for alimony.

We think under these authorities, and under the facts stated, the chancellor was warranted in finding that there was a common-law marriage, which is valid in Mississippi; and the judgment below is affirmed.

Affirmed.