## D'ANTONIO v. STATE.

(Division A. Oct. 9, 1939. Suggestion of Error Overruled Oct. 23, 1939.)

[191 So. 281. No. 33765.]

**Fulton & Quinn,** of Jackson, for appellant.

650

**Russell Wright**, Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the Circuit Court of Warren County of the crime of bigamy and sentenced to the penitentiary for a term of seven years. From that judgment, he prosecutes this appeal.

The State undertook to prove that appellant married a distant cousin, Mary D'Antonio, in 1932, who is still living, without a divorce from that marriage; and, in

1938, he married Josephine Barranco. The last marriage was a regular ceremonial marriage under the laws of this State. Appellant does not question that. It is the first alleged marriage that is questioned. Appellant's contention is that the evidence did not tend to establish such a marriage, and, therefore, there should have been a directed verdict of not guilty, as requested.

At the time of the trial, appellant and his last wife were separated and living apart. She was pregnant. By Mary D'Antonio, there was a child living, born in due time after their alleged marriage. The State undertook to prove a regular ceremonial marriage at Algiers, Louisiana, between appellant and Mary D'Antonio, according to the laws of that state. Appellant contends that there was a failure to prove such a marriage; that the evidence did not even tend to prove it. Conceding, without deciding the soundness of that position, the evidence showed a marriage between them under the laws of this State—a common law marriage under Sections 2363-2367 of the Code of 1930. The evidence showed without conflict that after the Louisiana ceremony, appellant and Mary D'Antonio returned to the Town of Picayune in this State and for several months lived and cohabited together as man and wife and openly proclaimed that relationship. Under the statutes referred to, that constituted a valid marriage. Jourdan v. Jourdan, 181 Miss. 176, 179 So. 268; Jones v. Lamensdorf, 175 Miss. 565, 167 So. 624; Howard v. Kelly, 111 Miss. 285, 71 So. 391, Ann. Cas., 1918E, 1230; Sykes v. Sykes, 162 Miss. 487, 139 So. 853, 858; and Sims v. Sims, 122 Miss. 745, 85 So. 73.

Appellant contends that, under the authority of Graves v. State, 134 Miss. 547, 99 So. 364, proof of a common law marriage was not permissible in a trial for bigamy. That case is not in point. The Court held that a living and cohabiting together as man and wife in Louisiana did not constitute a common-law marriage in this State, because such marriages are not recognized by the law of Louisiana—only ceremonial marriages are permitted

there. Here, we have a common law marriage in this State, according to the laws of this State, which is as valid and binding as the statutory ceremonial marriage.
Affirmed.