HARDY, Judge.
This is a suit by Zeola Koen Brinson, a resident of Hattiesburg, Mississippi, alleging herself to be the true and lawful widow of Willie Leon Brinson, deceased, and as such entitled to be recognized as the owner of an undivided one-half interest in and to all the property of which the said decedent died possessed. Made defendants therein were Effie Mae King Brin-son, Fred N., Hugh D., and Walter B. Brinson, who, previous to the filing of this suit, had been recognized as the surviving spouse and children and heirs of the decedent and as such sent into possession of the property belonging to his succession. The defendant, Effie Mae King Brinson, answered plaintiff’s suit; generally denying the allegations of plaintiff’s petition and specifically representing herself-to be the legal wife of the decedent and as such entitled to the ownership of property left by him in the State of Louisiana. On behalf of the three sons of the decedent, nonresidents who were served through a curator ad hoc, answers were filed by the curator.
After trial there was judgment in favor of plaintiff recognizing her as the lawful common-law wife of Willie Leon Brinson, deceased; further recognizing Effie Mae King Brinson as the putative wife of said decedent and as such entitled to an undivided one-half interest each in property belonging to the Succession of Willie Leon Brinson, subject to the payment of all debts. There was further judgment in accordance with the prayer for relief on behalf of defendant, Effie Mae King Brinson, against Hugh D., Fred N. and Walter B. Brinson *890 decreeing the deed executed by the last three named parties in favor of Effie Mae King Brinson, purportedly conveying their interest in the property of the decedent, to be a nullity and reserving to the said Ethel Mae King Brinson the right, in an appropriate proceeding, to claim the return of the purchase price paid thereunder.
From the judgment defendant, Effie Mae King Brinson, prosecutes this appeal. There being no appeal on the part of the other defendants the judgment, of course, is not here at issue with respect to their rights.
The plain facts which are material to a consideration of the issues here presented are concerned with the somewhat complicated tri-state marital experiences of the decedent, Willie Leon Brinson, which are set forth in chronological order as follows:
Willie Leon Brinson was first married in a ceremony performed in Brook-haven, Mississippi, on May 22, 1921, to Annie Lillian Taylor. Of this marriage four children were born, one of whom died unmarried and without issue, the other three, named as defendants in this suit, being Hugh D., Fred N. and Walter B. Brinson.
On September 11, 1931, in Gulf-port, Mississippi, Willie Leon Brinson was ceremonially married to Zeola Lee Koen pursuant to a license authorizing the marriage of “Walter Leonard Bren-son.”
By decree of the Chancery Court of Pulaski County, Arkansas, dated November 3, 1932, Willie Leon Brinson, plaintiff in an action against Annie L. Brinson, defendant, was granted an absolute divorce. It is to be noted that this decree of divorce, inter alia, recited the admission of the testimony by deposition of Zeola Koen.
On October 10, 1933, in the Chancery Court of the County of Lincoln, State of Mississippi, a decree of absolute divorce was rendered in the suit of Annie Lillian Brinson v. Willie Leon Brinson.
On June 29, 1946, pursuant to a marriage license duly issued by the clerk of court of Bossier Parish, a ceremony of marriage was celebrated between Willie Leon Brinson and Effie Marie Reynolds.
Willie Leon Brinson died on February 9, 1952, at the residence in Caddo Parish occupied by him and Effie Mae Brinson as a common dwelling.
The record unquestionably establishes the fact that following the celebration of the ceremony of marriage on September 11, 1931, Willie Leon Brinson and the plaintiff in this suit, Zeola Koen, living together as husband and wife, established their residence from time to time at localities in Mississippi and other states. During part of the year 1945 this couple was living in Hattiesburg, Mississippi, in a home which they had purchased under a deed describing them as husband and wife. Following his marriage with the defendant, Effie Mae King (Reynolds), Willie Leon Brinson established a matrimonial domicile in Caddo Parish where he and the said Effie Mae King Brinson lived as husband and wife in a home which they had purchased under a deed describing them as husband and wife.
No children were born to Willie Leon Brinson save those by his marriage to Annie Lillian Taylor.
Proceedings in the Succession of Willie Leon Brinson, Suit No. 111,329 on the docket of the First Judicial District Court in and for Caddo Parish, Louisiana, were opened on April 14, 1952 by Effie Mae King Brinson, representing herself as the surviving widow, and the three sons herein-above named, who appeared as the sole surviving heirs of the decedent. On the same date an ex parte judgment was duly signed which placed the said named parties, as widow and heirs of the decedent, in possession of his estate in the proportions of an undivided one-half interest in and to the said widow and an undivided one-sixth interest to each of the three sons.
*891 The suit before us was instituted by Zeola Koen Brinson as plaintiff on August 1, 1952.
The contentions of the parties to this appeal and the issues tendered thereby may be simply stated by observing that the plaintiff-appellee and defendant-appellant each claims to be the sole surviving legal widow of Willie Leon Brinson and as such entitled to the wife’s interest in the estate of the decedent. And, of course, each of the parties denies the lawful marital status of the other and contests any legal rights flowing therefrom.
By a supplemental petition the plaintiff, Zeola Koen Brinson, averred that in the event she should not be recognized as the lawful wife of Willie Leon Brinson as a consequence of the ceremonial marriage performed in 1931, that, nevertheless, she was the lawful common-law wife of the said Willie Leon Brinson under the laws of the State of Mississippi at the time of his death in 1952. Elaborating upon this position plaintiff alleged that the marriage of the decedent with Effie Mae King was a nullity and that the latter entered into the marriage with full knowledge that plaintiff was the living, undivorced wife of Willie Leon Brinson.
Defendant-appellant as positively attacks the status of the plaintiff and specifically denies the good faith of plaintiff in entering into the marriage with Willie Leon Brin-son in 1931.
Consideration of the record, which is almost as involved as the marital relations about which it is concerned, persuades us that the material facts have been convincingly established.- Without the necessity for entering into a detailed discussion of the testimony we think it is clear that both plaintiff and defendant entered into their respective relationship with Willie Leon Brinson in good faith. It is evident that at some time subsequent to the performance of the ceremonial marriage in 1931 Zeola Koen discovered, if not all, at least a part of the truth with reference to her husband’s marriage to Annie Lillian Taylor, and we think it most probable that she even knew, or strongly suspected, that this marriage had not been legally dissolved. Be this as it may, and disregarding the nullity of the Pulaski County, Arkansas divorce procured by Brinson in 1932, it is un-disputable that his marriage with Annie Lillian Taylor was legally dissolved as the result of the judgment of divorce decreed in her action in Lincoln County, Mississippi in 1933. Nor is there any room for doubt on the point that, following the dissolution of this marriage, Willie Leon Brinson and Zeola Koen continued to live together as husband and wife, which relationship endured as to them both at least until Brin-son’s marriage to Effie Mae Reynolds in 1946. We think it is equally certain that this plaintiff was entirely without knowledge of Brinson’s purported marriage to this defendant. Nor is it established that the defendant had any knowledge of Brin-son’s relationship with plaintiff prior to his death. Indeed, we feel assured that after the ceremony of 1946 Brinson was successful in fulfilling his obligations as husband to two wives and equally successful in concealing his dual relationship from them both.
Before terminating our discussion of the facts of the case we think it desirable to give some attention to defendant’s attack upon plaintiff’s good faith. As we have above observed, we think plaintiff’s good faith in the inception of her relationship with Brinson has been adequately established. But it is urged on behalf of defendant that the deposition purported to have been given by Zeola Koen in the Arkansas action for a divorce from Annie Lillian Taylor instituted by Willie Leon Brinson, in which deposition the deponent asserted that she had known Willie Leon Brinson and his wife, Annie Lillian Taylor, for approximately ten years prior to the date of the giving of the deposition in 1932, is convincing proof of the bad faith attributable to Zeola Koen. We think this position would unquestionably be sound if the facts upon which it rests had been established. But Zeola Koen, testifying as a witness in the instant case, positively and repeatedly denied any knowledge of such *892 deposition, even after the trial judge had taken occasion to meticulously explain the meaning of the word “deposition” and the legal consequence which might result from' the false testimony of the witness. We cannot reasonably conclude that in the face of this explanation and warning the witness would persist in testifying falsely on this point. We.also point out in further support of this conclusion the fact that no attempt was made on behalf of the defendant to incorporate in the record any testimony which would have detracted from the effect of plaintiff’s sworn denial. Neither does it require any flight of imagination to assume that one so skilled and experienced as the decedent in the fine art of becoming married and unmarried, apparently entirely unaffected by any scruples of ethics or pangs of. conscience, would have found it advisable to introduce a helpful deposition in the name of Zeola Koen without bothering to consult her about the matter or even obtaining her signature thereto.
We think the legal propositions resulting from Willie Leon Brinson’s adventures into plural marriage may be stated in terms' which are much simpler and more readily understandable than the complicated facts above related. As we appreciate the facts, the propositions of law which are here concerned may be stated as follows:
(1). Would the relationship between Willie Leon Brinson and Zeola Koen constitute a valid common-law marriage under Mississippi law?
(2). Is a common-law marriage, valid under the laws of Mississippi, entitled to recognition by the courts of Louisiana.
(3). In case a marriage is void because of an existing impediment thereto do the' parties become entitled to be legally recognized as husband and wife following the removal of the impediment by continuing to occupy such a factual relationship ?
With respect to the first proposition above, the record contains the testimony.of Mr. Homer W. Pittman, member of the Hattiesburg, Mississippi Bar, a practicing attorney in that state since 1931; for four years County Prosecuting Attorney; for four years District Attorney, and former past President of the Hattiesburg Bar, in which he described the elements of a valid common-law marriage under the law of Mississippi as an agreement by the parties to live together as husband and wife followed by cohabitation. The witness further testified that a common-law marriage is as valid and binding in the State of'Mississippi as a ceremonial marriage, and is subject to termination only by divorce or' death.
The witness quoted from Section 461 of the Mississippi Code (the State statute of 1942 and the supplement of 1950), dealing with ceremonial marriages, as follows:
“The failure to comply with the provisions of this Section shall not affect the validity of any marriage duly solemnized, followed by cohabitation, nor the validity of common law marriages as heretofore recognized in the State.”
 We think the validity of the witness’ opinion is fully confirmed by the jurisprudence of the State of Mississippi and we cite particularly the decision of the Supreme Court of Mississippi in D’Antonio v. State, 187 Miss. 648, 191 So. 281, in which the court cited a number of cases supporting its position. In the course of the opinion the court unequivocally declared that a common-law marriage was effected by parties who had lived and cohabited together as man and wife and openly proclaimed that relationship over a period of several months, and that under the statutes such relation constituted a valid marriage. The court further specifically declared that a common-law marriage in that state was as valid and binding as the statutory ceremonial marriage.
Under the facts as above set forth, which incontrovertibly established the openly proclaimed and recognized relationship of the parties involved, it follows that the common-law marriage entered into by Willie L. Brinson and Zoela Koen was valid and *893 legal under the laws of the State of Mississippi and subject to termination only by a judicially pronounced decree of divorce or by death.
The second proposition is easily resolved, for the Supreme Court of Louisiana has held in numerous instances that common-law marriages which are valid and legally binding in the State where contracted are entitled to recognition in the State of Louisiana; Grant v. Succession of Grant, 159 La. 535, 105 So. 611; Gibbs v. Illinois Central Railway Co., 169 La. 450, 125 So. 445; Succession of Marinoni, 177 La. 592, 148 So. 888.
Counsel for defendant insists that the cases immediately above cited are to be distinguished because there was no question of good faith involved. Since we have definitely affirmed the good faith of this plaintiff it follows that counsel’s objection is without merit.
With respect to the third proposition above enumerated, we begin its discussion with the observation that there is no question as to the point that the marriage between Willie L. Brinson and Zeola Koen was bigamous and therefore absolutely void and of no effect by reason of the existence of Willie Leon Brinson’s undissolved marriage with Annie Lillian Taylor. This previous marriage was an existing legal impediment which, however, was dissolved by the divorce decree granted to Annie Taylor Brinson in 1933. This decree had the effect of removing the impediment and opening the way to the validating of the relationship of husband and wife between Willie Leon Brinson and Zeola Koen. It is contended by able counsel for defendant that since the inception of the relationship was of a bigamous nature, completely void and of no effect, it could not, even after the removal of the impediment, ripen into a valid and lawful relationship. The authorities cited by counsel in support of this proposition are not persuasive, inasmuch as they rely upon the lack of good faith. Contrary to the contention advanced, we think the jurisprudence of Mississippi af-. firmatively holds that, notwithstanding a marriage may be void because of an existing impediment, the parties thereto are entitled to be recognized as occupying the status of husband and wife if they continue such relationship in fact after removal of the impediment without the necessity of a new marriage agreement; Sims v. Sims, 122 Miss. 745, 85 So. 73. This case comprehends an exhaustive discussion of the-very point with which we are here concerned and its holding has been recently cited and approved by the Supreme Court of Mississippi in the case In re McCaskill’s Estate, 219 Miss. 313, 68 So.2d 495.
Inasmuch as our appreciation of the law has led us to an affirmative answer to-each of the three propositions which we have above phrased, it follows that the judgment appealed from should be and, accordingly, it is affirmed at appellant’s cost..