144 So.2d 441 (1962)
George MENTEL, Jr., Individually and for and on behalf of his Minor Son, Edward Mentel
v.
BOSTON INSURANCE CO., and Bertha L. Nosacka.
No. 767.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
*442 Adams & Reese, Henry B. Alsobrook, Jr., S. Roccaforte, New Orleans, for defendant-appellant.
Herman M. Schroeder, New Orleans, for plaintiff-appellees.
Before JOHNSON, DALFERES and EDWARDS, JJ.
*443 JOHNSON, Judge.
At about 8:30 p. m., on September 12, 1958, plaintiff, George Mentel, Jr., was driving his truck south on Aris Street in Metairie, Jefferson Parish, Louisiana, approaching Rose Avenue. Defendant, Bertha L. Nosacka, was driving her Chevrolet automobile west on Rose Avenue. The two vehicles collided in the center of the intersection of the two streets, resulting in damage to the truck and personal injuries to Mentel's two minor sons, who were passengers in the truck. Mentel brought this suit, No. 52 511 of the docket of the Twenty-Fourth Judicial District Court, against Mrs. Nosacka and his own automobile public liability insurer, Boston Insurance Company, to recover for himself, individually, the value of the truck which was destroyed and the amount of medical expenses incurred in the treatment of the injured minor, Edward Mentel, and to recover damages for and on behalf of his minor son, for Edward's personal injuries received in the accident. After trial, judgment was rendered dismissing plaintiff's individual claim and awarding judgment against both defendants in favor of plaintiff, for the benefit of his minor child, Edward Mentel, in the sum of $500.00. Defendants have taken separate appeals. Plaintiff has answered the appeals, asking that the judgment be increased. The trial Court fixed the return date of the appeals as April 10, 1962, which fell on Wednesday, and the record was filed in this Court on that day. Plaintiff's answer to the appeals was filed April 26th. The answer was filed too late and cannot be considered. LSA-C. of C.P. art. 2133.
Plaintiff's petition alleges:
"That the herein accident was caused by the negligence of George Mentel, Jr., and/or Bertha L. Nosacka, and more particularly in the following respects:
"a. That the operators of both vehicles failed to keep a proper lookout.
"b. That the operators of both vehicles failed to keep their vehicles under such control as to be able to avoid an accident."
Plaintiff, individually, claims damages to his truck and medical expenses in the sum of $1,043.55, and for and on behalf of Edward Mentel, his minor son, he claims damages for personal injuries in the sum of $7,000.00. Of course, the insured cannot recover against his own insurer his individual damages, but conceivably he could recover from the other defendant his own damages if she were negligent and if he were free of negligence. But plaintiff has closed the door on such right to recover from Bertha L. Nosacka by his judicial declaration that the accident was caused by his own negligence as well as by that of said defendant. In that situation, the suit is nothing more than a claim by the father against both defendants to collect only the damages sustained by his minor son. To say the least, it is quite anomalous and inconsistent for plaintiff to name and assert a claim for himself and at the same time acknowledge that his loss was caused by his own negligence.
Plaintiff, George Mentel, Jr., testified that he was driving his truck south on Aris Street approaching Rose Avenue at about eighteen to twenty miles per hour. He did not see Mrs. Nosacka's car enter the intersection going west on Rose Avenue. When he saw that car it was already about the middle of the intersection in his path, at which time he was about three truck lengths, or about thirty-six feet from it. (Each street is about thirty feet wide). From that point he made no effort to stop his truck but said he turned somewhat to his right to go with the automobile. He said his left front fender struck the side of the automobile at the right door. Defendant's Chevrolet was a two-door sedan. (The photograph in evidence shows that the whole front of the truck was damaged, with the right fender crumpled from the front to the right door. The photograph does not show the left side of the truck, but the list of damages filed in evidence shows that *444 the parts damaged on each side, the lights, fenders, doors, etc., are about the same on each side). The force of the collision knocked the automobile to the southwest corner of the intersection. The car was turned around and it came to rest against a fence. The truck driven by plaintiff was almost turned around and stopped headed toward the north.
Plaintiff was travelling on a right-of-way street, regulated by a traffic sign located on Rose Avenue at the northeast intersection corner facing east for traffic going west on Rose Avenue. That sign read "yield right-of-way." Also, plaintiff had the directional right-of-way by law by virtue of his position to defendant's right as the two vehicles approached the intersection. Plaintiff said he may have been going faster than twenty miles per hour but he thinks he was not travelling over twenty-five miles per hour. He said he did not apply his brakes and did nothing except turn to go with the car. Plaintiff may have intended or desired to turn with the car but the physical damage to the truck is strongly indicative that he did not accomplish that maneuver. Plaintiff said that when he saw the car crossing the intersection in front of him he reached to protect his two children, who were seated on the floor of the truck because there was no seat in the truck other than the one occupied by plaintiff himself. After observing the presence of the automobile in the intersection, according to his own testimony, he had a space of about thirty-six feet in which to make some attempt to avoid a collision, but he made no such attempt. Actually, it would appear reasonable to believe that even partial appliance of the brakes would have retarded his truck to allow sufficient time for the Chevrolet to have completed the crossing in safety. The emergency was created in part by plaintiff's own negligence in failing to see the Chevrolet when it entered the intersection, at which instant the plaintiff's truck must have been quite a number of feet further north, which should be added to the thirty-six feet mentioned above, to determine the space in which plaintiff could have taken some preventive action after the Chevrolet became visible.
Mrs. Nosacka testified that she was familiar with that intersection; that she saw the "yield right-of-way" sign and before entering the intersection she stopped and looked both ways. Seeing no approaching traffic, she proceeded slowly across Aris Street. When her car was about the middle of the intersection, her sister, who was a passenger in the car, called her attention to the approaching truck. Mrs. Nosacka then attempted to get the car in second gear to speed-up in an effort to get out of the way. At the same time she glimpsed plaintiff's truck out of the corner of her eye for the first time.
Mrs. Nosacka's sister and her sister's grown daughter were passengers in the Chevrolet. Their testimony corroborates almost exactly everything Mrs. Nosacka said, except the sister, Mrs. Meyers, said she saw the truck when it was about half way up the block and she told Mrs. Nosacka that the truck was coming toward them and it looked like it was going to hit them. Mrs. Meyers said the truck's headlights were on and she thought the truck was going fast, perhaps thirty to thirty-five miles per hour.
Mrs. Nosacka said that she knew that traffic on Aris Street had the right-of-way over Rose Avenue and it is apparent that she believes that her failure to see any approaching traffic when she looked for it gave her the paramount right to enter and cross the intersection. If that be her belief, she is mistaken. To look without seeing a vehicle that is actually there, is not enough to free Mrs. Nosacka of negligence. The maxim that a party is charged with having seen and is held to have seen that which the party could and should have seen, is so well known and has been upheld and applied so many times by the Courts of this State that we deem it unnecessary to cite the countless authorities on the subject. Mrs. Nosacka's concurring negligence in failing *445 to see the approaching truck before and at the time she entered to cross Aris Street helped to create the emergency which resulted and the doctrine of last clear chance on the part of plaintiff cannot be applied to defendant's relief.
Operators of motor vehicles at intersections not regulated or controlled by fixed stop signs or automatic semaphore lights have a stronger or higher duty to observe the presence of opposing traffic and to take some action to prevent an accident than the corresponding duty imposed upon drivers at intersections controlled by stop signs and automatic lights. An automobile driver has not yielded the right-of-way in obedience to a yield right-of-way sign when that driver stops at the sign and looks without seeing that which the driver could and should have seen. Mrs. Nosacka's entering the intersection in the path of the approaching vehicle on the right-of-way street without time to clear the intersection, without interfering with other traffic, is the grossest kind of negligence. Likewise, the driver who has only a directional or statutory right-of-way at a street crossing cannot fail to make timely observation for approaching traffic on the interior street, and having failed to make such observation and having failed to exercise some defensive action, after such driver on the right-of-way street does see that his path is going to be blocked, is equally guilty, if there is time and opportunity (plaintiff had both) to take such action. Plaintiff should have seen the Nosacka car at the time or perhaps before it actually entered the intersection, when he was correspondingly further away. He did not see it as early as he could have seen it and he did nothing in an attempt to avoid a collision after he did see it. There is no evidence that there was any obstruction at that corner to hinder the view of either party.
George Mentel, Jr., the plaintiff, alleged and acknowledged that he was negligent. The testimony makes it clear that plaintiff was correct in that allegation. The negligence of plaintiff was concurrent with that of Mrs. Nosacka and the negligence of both continued to the instant of the impact and constitutes the proximate cause of the accident.
Plaintiff has expressly acknowledged and his testimony proves his negligence.
On Mrs. Nosacka's situation, we quote the following from the decision in Evans v. Walker, La.App., 111 So.2d 885, 889, which in part quotes from Gerrets v. Reed, La. App., 99 So.2d 408:
"`A driver who enters and continues to traverse an intersection without making an effort to observe what could and should be seen, is guilty of actionable negligence. In other words, there is a continuing duty to exercise care and caution. Particularly is this true where the motorist is crossing a favored or right-of-way thoroughfare. Huerstel v. L. Mangano & Co., La. App., 39 So.2d 460; Broughton v. Touchstone, La.App., 72 So.2d 552; Sonnier v. U. S. Fidelity & Guaranty Co., La.App., 79 So.2d 635. In Chase v. Burley, La.App., 76 So.2d 587, our opinion attempted to emphasize the fact that the purpose of stopping at a stop sign is to permit the opportunity for a full and complete observation in both directions along the favored street. It is hardly necessary to set forth in words the quite obvious corollary that the act of making such observation must be continued in order to establish the assurance of safe passage across the favored highway.'
"Nor do we find any merit in plaintiffs' obvious contention that the Prophit automobile pre-empted the intersection. Prior entry of an intersection, without a reasonable expectation and opportunity of negotiating the intersection in safety and without obstructing the normal movement of traffic therein does not constitute a preemption of the intersection. Broughton v. Touchstone, La.App., 72 So.2d 552; *446 Harris v. Travelers Indemnity Co., of Hartford, Conn., La.App., 70 So.2d 235; Aucoin v. Houston Fire & Casualty Co., La.App., 44 So.2d 127; Butler v. O'Neal, La.App., 26 So.2d 753."
And we quote from State Farm Mutual Automobile Ins. Co. v. Gouldin, La.App., 121 So.2d 365:
"`To "pre-empt" an intersection with an automobile does not necessarily mean to enter the intersection first, since pre-emption does not take place unless the automobile which first entered does so at a normal speed, and after its driver has exercised proper precautions and after it has become evident that it can cross in safety if no other vehicle arrives at an unexpectedly excessive speed.' Hardware Mutual Casualty Co. v. Abadie, La.App., 51 So.2d 664; Vernaci v. Columbia Cas. Co., La.App., 71 So.2d 417; Broughton v. Touchstone, La.App., 72 So.2d 552; Webb v. Providence Washington Ins. Co., La.App., 72 So.2d 883; National Retailers Mutual Ins. Co. v. Harkness, La.App., 76 So.2d 95; Dodd v. Bass, La.App., 76 So.2d 572."
In Matthews v. New Orleans Terminal Co., La.App., 45 So.2d 547, 554, this Court quoted from Young v. Louisiana Western R. Co., 153 So. 129, 95 So. 511, as follows:
"The last chance doctrine has no application when the negligence of both parties was concurrent and continuous, down to the moment of the accident. Callery v. Morgan's La. & T. R. & S. S. Co., 139 La. [763], 770, 72 So. 222; Wolf v. New Orleans Ry. & Light Co., 133 La. 891, 63 So. 392; Castile v. O'Keefe, 138 La. 479, 70 So. 481."
The medical evidence shows that Edward Mentel received a laceration of the chin which required suturing, bruises on the knee and ankle with inflammation of the lining of the knee joint. The boy stayed at the hospital overnight and went home. Sutures in the chin gash were removed on September 19, seven days after the accident, and he was discharged without treatment. The doctor did not see him again. The trial Court awarded judgment for his benefit for $500.00, which we do not deem excessive.
The judgment appealed from is affirmed with all costs in both Courts to be paid by both defendants in solido. LSA-C. of C.P. art. 5188.
Affirmed.